MEIGHAN et al. v. AMERICAN GRASS TWINE CO.

(Circuit Court of Appeals, Second Circuit.  April 30, 1907.)

No. 290.

ATTORNEY AND CLIENT—ATTORNEY'S LIEN—STOCKHOLDERS' SUIT.

 Under Code Civ. Proc. N. Y. § 66, as amended in 1879, which gives an attorney a lien upon the cause of action of his client, which attaches "to the proceeds thereof in whosesoever hands they may come," and which may be enforced by a suit in equity against the client or any party holding the proceeds, the attorneys for a stockholder in suits brought on behalf of all the stockholders against certain directors of a corporation to compel them to account for and pay over to the corporation the amount of illegal dividends declared and paid by them from the capital, as a result of which defendants paid over a large sum to the corporation, are entitled to a lien on such fund for their services, and may enforce the same by a suit in equity against the corporation.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 400, 426.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

John A. Garver and Shearman & Sterling, for appellants.

G. W. Murray, Charles P. Howland, and Howland, Murray & Prentice, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge.  This is an appeal from a decree dismissing the bill of complaint in an equity suit brought by the complainants to enforce a lien for their services as attorneys upon certain moneys in the hands of the defendant, the American Grass Twine Company.  The decree was ordered upon sustaining a demurrer to the bill of complaint.

By a statute of this state (Code of Civil Procedure, § 66, as amended in 1879), from the commencement of an action "the attorney who ap-

pears for a party has a lien upon his client's cause of action  *  *  * which attaches  *  *  * to the proceeds thereof in whosesoever hands they may come." This lien is an equitable one, and may be enforced by a suit in equity against the client or any party holding the proceeds, and cannot be affected by any settlement between the parties to the action. Peri v. N. Y. C. Ry. Co., 152 N. Y. 521, 46 N. E. 849; Fischer-Hansen v. Brooklyn Heights R. Co., 173 N. Y. 492, 66 N. E. 395. This court has recently had occasion to consider this statute in Re Baxter & Co. (decided February 28, 1907) 154 Fed. 22. Under these decisions it is plain that the bill of complaint sets forth a good cause of action in equity, and the demurrer thereto should not have been sustained by the court below, if the lien sought to be enforced by the complainants was upon a cause of action of the client for whom they appeared. It appears that they prosecuted nine actions brought by Watkins, a stockholder of the defendant corporation, against certain directors of that corporation who had participated in the declaration and payment of unlawful dividends to stockholders, made before Watkins became a stockholder; the dividends having been declared and paid out of the capital, and not out of earnings. The corporation having refused to take any action to secure the restoration of these illegal dividends, the nine suits were brought by Watkins, in behalf of himself and all other stockholders of the corporation, to compel the directors to account for and pay over to the corporation the amount of these dividends by which its capital had been impaired. Shortly after the beginning of these actions, and "as a result thereof," as the demurrer admits, the directors who were the defendants therein paid directly to the corporation the sum of over $642,000.

It is argued that the cause of action in these suits was not that of Watkins, the plaintiff therein, but was that of the corporation. Theoretically this is true, but in a substantial and legitimate sense it is not true. If the directors, instead of paying this money to the corporation, had paid it into the hands of the complainants, the attorneys who brought the actions, is there any fair doubt that these attorneys would have had a lien upon it, and that they would not have been under any duty to pay it over to the corporation without satisfaction of their lien? If it had been paid into court, is there any fair doubt that the court would not have allowed it to be paid out without satisfaction of their lien? These questions are sufficiently answered in Re Paschal, 10 Wall. 483, 19 L. Ed. 992, and Matter of Knapp, 85 N. Y. 284, without reference to any other authorities.

But, suppose the cause of action was that of the corporation; the plaintiff in these nine actions asserted for it and in behalf of its stockholders a claim which the corporation was unwilling or unable to assert itself, because its directors controlled its action. He may justly be regarded as, pro hac vice, the corporation itself, and the attorneys who represented him may be regarded as representing it. A case involving the same general considerations was decided in Grant v. Lookout Mountain Co., 93 Tenn. 691, 28 S. W. 90, 27 L. R. A. 98. In that case a lien for attorney's services was claimed upon a fund recovered in a suit brought by minority stockholders against the cor-

poration. The court held that, such recovery inuring to the benefit of the corporation, the suit was to all intents and purposes a suit of the corporation, and the corporation was responsible for proper and reasonable counsel fees incurred by the stockholders in the prosecution of the suit.

The defendant has obtained a large sum of money by the aid of the professional services of the complainants in prosecuting the nine suits, and the demurrer admits that this money was paid to and received by the defendant "in full satisfaction and settlement of the cause of action in the said nine complaints and the liability upon which the said actions were brought." It does not lie in its mouth to say that in performing these services the complainants did not represent the corporation and act as its attorneys.

It is argued in support of the decrees below that the right to a lien has been determined adversely to the complainants by the courts of this state in Matter of Meighan, 182 N. Y. 558, 75 N. E. 1131, affirming the Supreme Court in 106 App. Div. 599, 94 N. Y. Supp. 1153, and that this court should yield to the authority of these decisions in a question concerning the construction of a state statute. These cases arose upon a summary application, and it is quite impossible to determine whether the decisions turned upon any construction of the statute. The original decision went upon the ground that the money had never been in the possession or under the control of the court, and it therefore could not be reached by a summary proceeding, and also upon the ground that the petitioners' client was primarily liable for their compensation, and a lien against the opposite party would not be enforced without allegations of insolvency. In each case the reviewing court affirmed the order of the court below without any opinion, but in both there were dissenting opinions in which the attorneys were considered entitled to a lien. In the absence of anything to indicate the views of the majority of the court in either of these cases, we are uninformed as to the points upon which they agreed, and cannot regard the decisions as giving us any light upon any question which we are called upon to decide.

The decree is reversed, with costs, and with instructions to the court below to overrule the demurrer, with leave to entertain an application to answer.