DAVIDSON et al. v. AMERICAN BLOWER CO. et al.

(District Court, N. D. New York. October 23, 1917.)

ATTORNEY AND CLIENT ⌾⟿155—ATTORNEY'S FEES—ALLOWANCE.
On suit of the minority shareholders against the corporation and majority shareholders to enjoin the latter from carrying into effect a conspiracy to waste the corporate assets, the court, merely enjoining the majority shareholders from carrying out the conspiracy, but taking control of none of the corporate property, cannot, under its equity powers, fix the compensation of attorneys for the corporation and direct its payment from the general funds of the corporation, as they have no lien or right to a lien on funds or property in the possession or under the control of the court, but the attorneys would be left to assert their rights against the corporation by an action at law.

In Equity. Suit by Samuel Cleland Davidson and others against the American Blower Company and others. Application by William S. Haskell for an order directing the named defendant to pay him reasonable counsel fees, opposed by plaintiffs. Application denied.

This is an application by William S. Haskell for an order of this court directing the defendant American Blower Company, to pay him, as its attorney and counsel in this action, "his reasonable counsel fees for services rendered by him in this action, and for such other relief as may be proper." The motion is opposed by the plaintiffs, who are minority stockholders of said American Blower Company, principally on the grounds (1) that this court has no power to make such an order; (2) that Mr. Haskell already has been amply compensated by the company for such services by the payment of $2,000; and (3) that Mr. Haskell acted in this suit, not only for the American Blower Company, but for the defendant Charles H. Gifford individually, and that the balance of compensation asked, $13,000, would be, if allowed and directed paid, a payment to Haskell for services rendered to Gifford as an individual defendant.

Winthrop & Stimson, of New York City, for plaintiffs.
Wm. S. Haskell, of New York City (Wm. K. Payne, of Auburn, N. Y., of counsel), for defendant American Blower Co.

RAY, District Judge (after stating the facts as above). This suit was brought by certain minority stockholders of the American Blower Company, a New York corporation, on behalf of the corporation, to enjoin the defendants Eugene N. Foss and Charles H. Gifford, majority stockholders, from carrying into effect an alleged conspiracy to waste the assets of the American Blower Company, in the interest of a rival company or corporation, the B. F. Sturtevant Company, in which they are interested, and to enjoin Foss and Gifford from voting their stock in aid and execution of such alleged conspiracy or agreement, and also to enjoin them from so voting their stock and operating the Blower Company in connection with the Sturtevant Company, that a restraint of trade in violation of law would result. In substance and effect this court, in which the trial was had, held that such conspiracy had been formed and threats made to carry it into execution, and not only enjoined any and all acts by Foss and Gifford, or either of them, which would carry such conspiracy into execution and effect, but, to that end, enjoined Foss and Gifford from voting their stock in the election of a new board of directors, etc.

On Appeal to the Circuit Court of Appeals, that court, without disturbing the findings of fact, modified the decree, so as to permit the voting of their stock by Foss and Gifford, and so elect a new board of directors, and consequently new officers, but in all other respects the decree of the District Court was affirmed. The American Blower Company was and is a necessary party to the litigation, but *its* acts as a corporation were not impugned or attacked. A new board of directors has not been elected, nor has there been any change in the officers of the company. The court, pending or during the litigation, did not take possession of or exercise any control over the assets or property of said corporation, or assume so to do. It has not done so at any time. It did enjoin the doing of acts which would waste such assets and property of the corporation.

William S. Haskell, the petitioner here, was duly employed by the Blower Company to take care of its interests in this suit, and he appeared for it, and, so far as appears, or so far as claimed, fully and properly performed his duty. He was also employed herein by the defendant Gifford, one of such majority stockholders, who was engaged, it was alleged and found, in such conspiracy, and fully performed his duties as attorney for that client. As I view this case, presented on this motion, it is not necessary to question the propriety of the appearance of Mr. Haskell for both the defendant American Blower Company and the defendant Charles H. Gifford. If that is a defense to any proper action or proceeding by Mr. Haskell to recover compensation for his services rendered in this action to the American Blower Company, it can be presented by the proper party or parties in any action brought to recover for such services in case there is a dispute or question. When there is a fund in court subject to the control of the court, and there is litigation regarding same, or where there is a successful suit brought to recover or reclaim, or even protect, a fund or specific property, especially a trust fund, and circumstances are such as in equity to give the attorneys engaged in such litigation a lien or claim on

such specific fund or property for their compensation, it cannot be doubted that the court may fix the compensation of such attorneys, and thus ascertain the amount of the lien and direct payment thereof from such fund or property. Trustees v. Greenough, 105 U. S. 527, 532, 26 L. Ed. 1157. If this court had appointed a receiver of the assets of this corporation, the American Blower Company, and thereby taken them, or any part thereof, into its possession, or assumed control over the *property* for its protection and preservation, a different question would be presented. But all this court did was to determine that there had been a conspiracy and threats to do acts which, if done, would waste the corporate assets, and thereupon enjoin the doing by defendants of any act which would bring about that result. No property was taken into its possession by the court, or sued for or recovered by the plaintiffs. The suit, as stated, was to enjoin the doing of acts which might result in the loss of property, not to recover any property or its value. In Re King, 168 N. Y. 53, 60 N. E. 1054, property sued for had been recovered through the efforts of the attorneys. In Re Baxter & Co., 154 Fed. 22, 83 C. C. A. 106, there was a special fund of $50,000, deposited in court.

In the instant case the majority stockholders were charged by the minority stockholders with a purpose *to do acts* which would result in a waste of the property of the corporation, not with any actual taking or disposition of, or interference with, such property, which always remained in the possession of such corporation undisturbed. The title of the corporation to the property was not questioned, nor was its right to the possession. In Grant v. Lookout Mountain Co., 93 Tenn. 691, 28 S. W. 90, 27 L. R. A. 98, *a fund had been sued for and recovered by minority stockholders, and the recovery inured to the benefit of the corporation,* and hence the corporation itself was held liable for the reasonable counsel fees of *such minority stockholders* incurred in prosecuting such suit and recovering the fund. That, as seen, was an action by counsel for the minority stockholders, who conducted a suit which resulted in benefit to the corporation in the recovery of a fund sued for. It was not a question between attorney and client, to recover the value of services rendered the client, but a suit to have compensation paid out of the fund recovered for the benefit of another.

In Meighan et al. v. American Grass Twine Co., 154 Fed. 346, 83 C. C. A. 124, a suit was brought in behalf of all the stockholders against certain directors of a corporation to compel them to account for and pay over to the corporation the amount of certain illegal dividends declared and paid by them from the capital of the corporation. As a result of such suit the defendants (said directors) paid over a large sum to the corporation, and it was held that the attorneys for the plaintiffs in the suit were entitled to a lien for their services in the suit on such fund so recovered, and could enforce same in a suit in equity. This decision was based on section 66, Code Civ. Proc. N. Y., expressly giving a lien in such cases on the fund or proceeds of the cause of action into whosoever hands such proceeds come. It was not a question between attorney and client.

In this case Mr. Haskell was employed by the corporation through its officers in the regular way, and should be paid a reasonable compensation by the corporation as matter of course. If the corporation by its officers declines or refuses to pay, suit may be brought, the value of the services determined, judgment rendered, and payment of any sum awarded thereby enforced in the usual way. It seems to me it would be an unwarranted assumption of power for this court, as between attorney and client, to fix the compensation of such attorney for his services and direct it paid out of the general assets of such client in a case where no specific fund or property is the subject of the litigation. An attorney is always looking out for and caring for the interests of his client and protecting his property; but does this fact justify the court, except in the cases mentioned, in fixing the compensation of the attorney when a dispute arises and directing its payment from the general property of such client? Is the rule different when the client is a corporation from what it is when the client is an individual? In Matter of King, 168 N. Y. 53, 60 N. E. 1054, the action was by a trustee to recover securities wrongfully hypothecated and this action was successful. Under section 66 of the New York Code of Civil Procedure the attorneys for such trustee were held entitled to maintain an action to establish and enforce their lien on such securities for services in such suit to recover such securities. The section of the Code referred to (Ed. 5) reads as follows:

"The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

This and similar cases afford no warrant whatever for holding that the compensation of the attorney for a defendant in an equity suit may have his compensation fixed by the court and directed paid from the general assets of the client, in case of dispute as to the amount of such compensation, where there was no counterclaim and no recovery by the defendant and no effort or purpose in the suit to interfere with the property of such defendant. If there is a dispute between Mr. Haskell as attorney and the client, American Blower Company, as to the amount of compensation to which Mr. Haskell is entitled, that controversy can and should be settled in an action at law. If there is anything in the injunction order or decree now in force which will in any wise interfere with such an action the order may provide for a modification thereof, so as to permit Mr. Haskell to prosecute his action to recovery if he has a valid unpaid claim for services. I do not think Mr. Haskell has any lien for his services on the assets of the American Blower Company, or that this court in this suit can establish and enforce one.

In Re Gillaspie (D. C.) 190 Fed. 88, the court held that, since the relation of attorney and client is purely personal, depending on personal contract, courts of equity will never attempt to fix the compensation due the attorney in any ordinary litigation, but will leave the parties to an action at law. In this Gillaspie Case the court also held (page 91):

"The only proper cases that can arise where courts of equity and bankruptcy as well can award compensation to an attorney out of funds due others than his client is where, as I have heretofore indicated, such an attorney for one of a class has 'created' or secured a fund and brought it into the custody of the court, which fund is to inure, not alone to the benefit of his client, but to that of all those belonging to this class. In such cases the courts award compensation to the attorney out of the fund due to all, not on the theory of his having an attorney's lien, but on the broader theory that all interested in the fund should contribute ratably to the cost of 'creating' or securing it. These principles are very clearly set forth in Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Central R. R. v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915; Harrison v. Perea, 168 U. S. 311, 18 Sup. Ct. 129, 42 L. Ed. 478; Jefferson Hotel Co. v. Brumbaugh (4th Circuit) 94 C. C. A. 279, 168 Fed. 867."

It seems clear to me that Mr. Haskell has ample protection and ample remedy in the usual way by suit against his client to recover reasonable compensation for his services. I discover no ground for the interposition and exercise of the equitable powers of this court in the matter of his compensation. He is entitled to be paid in the usual way from the general funds or assets of the corporation, on establishing in the usual way (in case of controversy) the extent and value of his services. As already stated, his compensation is not to be charged against, or made a lien upon, or paid from, any particular or special fund, and there is not and never has been any special or particular fund in court, or subject to the order of the court, from which such compensation is to be paid, or ought to be paid, to the exclusion of the general funds of the American Blower Company.

The application is denied, on the ground this court should not exercise its equitable jurisdiction, or power, if it possesses it, to fix the compensation of the petitioner, William S. Haskell, as attorney for the defendant American Blower Company in this suit, and direct the payment thereof by the said corporation from its general funds or property, but should leave the petitioner to his remedy at law, which is ample, adequate, and open; secondly, on the ground that this court in this suit has no power or jurisdiction to make the order prayed for.