In re MEIGHAN et al. (Supreme Court, Appellate Division, First Department. July 7, 1905.) In the matter of Burton Meighan and others. John A. Garver, for appellant. Charles P. Howland, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

McLAUGHLIN, J. (dissenting). The petitioners are attorneys and counselors at law, and as such brought an action for one Watkins, a stockholder of the American Grass Twine Company, on behalf of himself and all other stockholders similarly situated, against one Mills, a director of the corporation, the corporation itself being also made a party defendant, to recover certain dividends alleged to have been wrongfully paid by the directors out of the capital of the corporation. Other actions of a similar nature were also commenced against each of the other directors, in which the corporation was named as a defendant. After the commencement of the actions the full amount of the dividends claimed to have been illegally paid was, together with the interest thereon, repaid by the defendant Mills and some of the other directors to the corporation. These attorneys

claim a lien, under section 66 of the Code of Civil Procedure, upon the fund thus paid for the services rendered by them in the actions referred to, and by petition they asked the court to determine the amount of the compensation to which they were entitled and declare the same a lien on such fund. Their application was denied, and they have appealed. It was denied, as appears from the opinion of the learned justice sitting at Special Term, upon the grounds that the fund had never been in the possession or under the control of the court and that the petitioners' client was primarily liable for their compensation. The sole question presented, therefore, is whether the petitioners are entitled to the relief asked. I am of the opinion that they are. The American Grass Twine Company is a Delaware corporation, and under the statutes of that state had the right to recover dividends illegally paid. Section 35, c. 167, p. 300, Laws 1901. It was requested by Watkins, on the 27th of October, 1904, to bring an action against the directors for this purpose, which it failed and neglected to do, whereupon Watkins brought the actions above .stated. In the action brought against Mills the summons was served on the corporation on the 3d, and on him on the 6th, of December, 1904. The complaint was verified December 23d, and served on the following day; but a few hours before the service was made the defendant Mills and some of the other directors paid to the corporation $642,767.49. In a letter inclosing the check in payment of this sum (which was signed by the defendant Mills and one Howland, a former director) it was stated that the payment was made "in consequence of the information derived from your executive committee to the effect that at the committee's meeting on the 7th of December there was presented a claim by a stockholder of the American Grass Twine Company that while we were directors of the company certain dividends had been paid in excess of the net earnings of the company. We have caused an examination into the facts to be made by our counsel, who has advised us that the claim appears to be well founded in fact, and that the following dividends are open to the objection mentioned." The stockholder's claim presented at the meeting referred to in the letter was the one made by the plaintiff, and for which he subsequently brought an action against Mills and the other directors. This clearly appears from a letter written on December 7th by the manager of the company to Watkins, in which the statement was made that his claim had been considered by the executive committee and referred to counsel. The meeting of the executive committee referred to was not held until the 7th of December, four days after the commencement of the action against Mills and the corporation. That the directors of the corporation had not, prior to that time. intended to comply with the plaintiff's demand to bring an action to recover the dividends claimed to have been illegally paid, is evident from the fact that in the letter written by the manager of the corporation to Watkins he requested the latter to furnish the facts necessary to support his claim, and in answer to such request Watkins wrote him that the evidence was to be found in the books of the cor-

poration, and at the same time he said, if his accountant could be of any assistance in explaining any of the items in question, he would be glad to have him go over these statements with Robinson. These and the other uncontradicted facts set out in the moving papers irresistibly lead to the conclusion that this large sum of money was repaid to the corporation by reason of the actions instituted by Watkins to recover the same from the directors. This being so, it seems to me that the petitioners, as Watkins' attorneys, are entitled to a lien upon the fund paid for the services rendered by them.

The statute gives an attorney a lien upon his client's cause of action and the proceeds thereof, and provides that the compensation may be determined and the lien enforced by petition. Section 66, Code of Civil Procedure, provides that "from the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action,· claim, or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof, in whoseever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, or final order. The court, upon the petition of the client or attorney, may determine and enforce the lien." But it is said this section of the Code is not applicable to the petitioners, because they did not act as attorneys for the corporation. The reasoning is plausible, but not sound. The real plaintiff was the corporation. The actions were brought for its benefit, and, had they been prosecuted to judgments and recoveries had, the same would have belonged ·to the corporation, and Watkins would have had no interest, other than a stockholder therein. In bringing the actions Watkins simply represented the corporation. He acted as its agent to enforce the claim, because the corporation itself, being under the control of the erring directors, refused to bring an action. Willoughby v. Chicago Junction Ry. Co., 50 N. J. Eq. 656, 25 Atl. 277; Trustees v. Greenough, 105 U. S. 533, 26 L. Ed. 1157; Appleton v. American Malting Co., 65 N. J. Eq.· 375, 54 Atl. 454; Pomeroy's Equity Jurisprudence (3d Ed.) 2123–2124. The corporation having refused to bring the actions, Watkins had a right to do so. Flynn v. Brooklyn City Ry., 158 N. Y. 493, 53 N. E. 520; Hutchinson v. Stadler, 85 App. Div. 424, 83 N. Y. Supp. 509. The amount for which the actions were brought was paid to the corporation, and in accepting and retaining the sum thus paid it adopted the acts of Watkins, and ought not now to be permitted to say he did not represent it. The rule is well settled that, when one successfully conducts a litigation for the benefit of another, the fund recovered will be subjected to the expenses incurred. Woodruff v. N. Y., L. E. & W. Ry. Co., 129 N. Y. 27, 29 N. E. 251; Matter of Holden, 126 N. Y. 589, 27 N. E. 1063. In Trustees v. Greenough, supra, a bondholder of a railroad company brought an action, on behalf of himself and other bondholders similarly situated, to prevent the trustees of the corporation from wasting certain corporate property and to set aside

an alleged fraudulent conveyance. It was held, the action having been successful, that the plaintiff was entitled to be reimbursed, either out of the fund itself or by proportional contribution from those who accepted the benefit of his efforts. In Meeker v. Winthrop Iron Co. (C. C.) 17 Fed. 48, a suit was brought by minority stockholders to have a lease declared forfeited and to recover certain property. It was held, the plaintiffs having been successful, that they were entitled to be reimbursed for all proper expenditures incurred, including attorney's and counsel fees. In Central R. R. v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915, certain unsecured creditors of a railroad corporation instituted a proceeding on behalf of themselves and other creditors of the same class to establish a lien upon certain property. The proceeding having been successful, the court allowed all unsecured creditors to prove their claims before a register. Pending the hearing before the register, the corporation bought up the claims of the complainants and all other unsecured creditors. Thereupon the solicitors of the complainants filed a petition to be allowed reasonable compensation in respect to the demands of the unsecured creditors (other than their immediate clients), and to have a lien declared therefor on the property reclaimed. It was held that they were entitled to such lien. Mr. Justice Harlan, delivering the opinion of the court, said: "The court below did not err in declaring a lien upon the property in question to secure such compensation as the appellees were entitled to receive; for, according to the law of Alabama, * * * an attorney at law or solicitor in chancery has a lien upon a judgment or decree obtained for a client to the extent the latter has agreed to pay him, or, if there has been no specific agreement for compensation, to the extent to which he is entitled to recover, viz., reasonable compensation for the services rendered. * * * That lien could not be defeated by the corporation which owned the property purchasing the claims that were filed by creditors under the decree. The lien of the solicitor rests, by the law of the state, upon the basis that he is to be regarded as an assignee of the judgment or decree, to the extent of his fees, from the date of its rendition. This right of the solicitor is superior to any which the defendant corporation acquired, subsequent to the decree, by the purchase of the claims of unsecured creditors." In Grant v. Lookout Mountain Co., 93 Tenn. 691, 28 S. W. 90, 27 L. R. A. 98, action was brought by a minority stockholder to enjoin a proposed sale by the corporation of its real estate and personal property, upon the ground that the same was ultra vires and fraudulent. The action was successful, and the question was there presented, as here, whether the attorneys for the plaintiff had a lien upon the property recovered. It was held that they did. The court, in delivering the opinion, said: "We are therefore of opinion that this record shows that through the intervention of these minority stockholders the property of the corporation has been preserved, protected, and, indeed, recovered after it had been illegally conveyed away, and that such recovery, inuring to the benefit of the corporation, the suit was, to all intents and purposes, the suit of the corporation itself. The Lookout Mountain Company is, therefore, responsible for proper and reasonable counsel fees incurred by complainants in the prosecution of the suit. The remaining question is whether these fees are liens upon the land conveyed by the deeds which complainants procured to be canceled. The record shows that this land had been conveyed away, and that by the decree it was restored to the company, and, if necessary, a writ of possession was ordered to issue. This was not the case merely of canceling a deed or removing a cloud, but of absolute recovery. The case comes within the rule laid down by this court that counsel are entitled to a lien upon the fund recovered by their clients for reasonable fees, and this lien attaches to real estate when the subject of litigation."

The section of our Code above referred to, which gives an attorney a lien, is a remedial statute, and should receive a liberal construction. Its purpose is to furnish a summary and inexpensive method of determining and enforcing the rights of attorneys to compensation. Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395. It provides that an attorney may proceed by petition, and this method of procedure has been approved in Matter of King, 168 N. Y. 53, 60 N. E. 1054, and is to be preferred to an action. Corbit v. Watson, 88 App. Div. 467, 85 N. Y. Supp. 125; Smith v. Acker Process Co., 102 App. Div. 170, 92 N. Y. Supp. 351. The fund in question was sufficiently under the control of the court to enable it to declare a lien thereon, and I am of the opinion, upon principle and authority alike, the petitioners were entitled to have their compensation determined and a lien therefor declared on such fund. For these reasons, the order appealed from should be reversed, with $10 costs and disbursements, and the application granted, with $10 costs.

HATCH, J., concurs.