HENRY SCHOENHERR, Appellant, *v.* W. K. VAN METER, as Trustee in Bankruptcy of BROOKLYN CONSOLIDATED DRUG COMPANY, Respondent, Impleaded with Others.

Attorney and client — when attorney employed by director of corporation to recover property misappropriated by officers thereof has lien on property transferred by officer to corporation in discharge of his liability.

Plaintiff, who is an attorney at law, was retained by a director of a corporation to recover from the treasurer of the company property which he had misappropriated. The director refused to be personally liable for the fees, but agreed that plaintiff should have a lien on the cause of action and on any property recovered. Under that retainer, plaintiff brought an action to compel said treasurer to render an account of his management of the property and funds of the company and to compel him to pay over the moneys found due upon said accounting, or the value of any property misappropriated by him, or lost by the violation of his duty. After the action was begun, and as a result thereof and by reason of plaintiff's services therein, the defendant therein gave to the corporation money and other property of value in discharge of his liability. The corporation, appropriating the benefit of plaintiff's services, refuses to compensate him and resists his efforts to establish a lien on the proceeds of the suit. Since the beginning of this action the corporation has been adjudged a bankrupt and the trustee in bankruptcy

substituted as a defendant. *Held*, that the plaintiff should be declared to have a lien on the moneys in the hands of such trustee, the proceeds of the property transferred to the bankrupt corporation by its defaulting treasurer, and that there should be a personal judgment in favor of the plaintiff for the amount of any deficiency remaining after the lien has been enforced.

*Schoenherr* v. *Van Meter*, 158 App. Div. 907, reversed.

(Argued June 17, 1915; decided July 13, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 30, 1913, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Schoenherr* and *Isidor Buxbaum* for appellant. The plaintiff, as attorney, has a lien on the proceeds of the settlement between Wischerth and the corporation, and may enforce the same by a plenary suit in equity against the corporation. (*Meighan* v. *American Grass Twine Co.*, 154 Fed. Rep. 346; *Matter of Meighan*, 182 N. Y. 558; *Rooney* v. *S. A. R. R. Co.*, 18 N. Y. 368; *C. R. R. Co.* v. *Pettus*, 113 U. S. 116; *Hardoon* v. *Belilos*, L. R. [App. Cas. 1901] 118; *Grant* v. *Lookout Mountain Co.*, 93 Tenn. 691; *McCourt* v. *Singers Bigger*, 145 Fed. Rep. 103; *Chetworth* v. *California Nat. Bank*, 113 Cal. 649; *Meeker* v. *Winthrop Iron Co.*, 17 Fed. Rep. 48; *Woodruff* v. *N. Y., L. E. & W. Ry. Co.*, 129 N. Y. 27; *Dodge* v. *Tulleys*, 144 U. S. 451; *Meddaugh* v. *Wilson*, 151 U. S. 333; *Trustees* v. *Greenough*, 105 U. S. 527; *St. Louis* v. *Davidson*, 102 Mo. 149.) The plaintiff's lien was not nullified by the bankruptcy of the corporation, and can be enforced by the state court, and a money judgment awarded against the trustee. (*Matter of Baxter*, 154 Fed. Rep. 22; Remington on

Bankruptcy, § 1154; Loveland on Bankruptcy [4th ed.], §§ 448, 467; *Matter of Eurich's* v. *Fort Hamilton Brewery,* 19 Am. Bank. Rep. 799; *Matter of Rude,* 101 Fed. Rep. 805; *Kneeland* v. *Pennell,* 18 Am. Bank. Rep. 538; *Matter of Pennell,* 18 Am. Bank. Rep. 909; *Matter of A. A. Tube Co.,* 25 Am. Bank. Rep. 652; *Matter of N. C. Breeder's Club,* 23 Am. Bank. Rep. 689; *Matter of U. S. Graphite Co.,* 151 Fed. Rep. 583; *Nat. F. P. Co.* v. *Daly,* 74 Atl. Rep. 152; *Thompson* v. *Fairbanks,* 196 U. S. 516; *Holland* v. *Cunluff,* 96 Mo. App. 67; *South End Imp. Co.* v. *Harde,* 52 Atl. Rep. 1127.)

*Charles A. Decker* for respondent. The plaintiff has no lien or right to a lien upon the moneys paid by the defendant Wischerth to the Brooklyn Consolidated Drug Company on the settlement had between them. (*Miller* v. *Quincey,* 179 N. Y. 294; *Smith* v. *Acker Process Co.,* 102 App. Div. 170; *Young* v. *Howell,* 64 App. Div. 246; *Rochfort* v. *Met. S. R. Co.,* 50 App. Div. 261; *Fischer-Hansen* v. *B. H. R. R. Co.,* 173 N. Y. 492.)

CARDOZO, J. The plaintiff is a member of the bar. He brings this action to impress a lien on property of the Brooklyn Consolidated Drug Company, recovered through his services. One Wischerth, the treasurer and general manager, had misappropriated the property of the corporation and owed it upwards of $26,000. The plaintiff was retained by a director to compel the delinquent officer to account. The director refused to be personally liable for the fees. He agreed, however, that the plaintiff should have a lien on the cause of action and on any property recovered. This agreement was found by the trial court, and the finding has been unanimously affirmed. Under that retainer, an action was brought to compel Wischerth to account for his official conduct in the management and disposition of the funds and property committed to his charge, to compel him to pay over the

moneys found due upon such accounting, or the value of
any property misappropriated to his own use, or lost or
wasted by the violation of his duty. That is an action
which a director has the right to maintain (General
Corp. Law, secs. 90, 91, formerly Code Civ. Pr. sec. 1781;
*Miller* v. *Quincy*, 179 N. Y. 294). After the action was
begun, Wischerth gave to the corporation money and
other property of value in discharge of his liability. The
finding, unanimously affirmed, is that the money was
paid and the property delivered as a result of the direct-
or's action and by reason of the services rendered by
the plaintiff therein. The finding also is that the value
of the services is $1,000. The corporation, appropriating
the benefit of the services, refuses to compensate the
plaintiff, and resists his effort to establish a lien on the
proceeds of the suit.

We think the lien should be sustained. We assume,
in accordance with our decision in *Matter of Meighan*
(106 App. Div. 599; 182 N. Y. 558), that the statutory
lien created by section 475 of the Judiciary Law for the
benefit of an attorney is not enforceable under such con-
ditions. That case was a proceeding by petition under
the statute. The court held that in a suit by a stock-
holder for the benefit of a corporation, the statutory lien
of the attorney does not attach to the money paid to the
corporation perforce of the judgment. This case presents
a very different situation. We are not dealing now with
a statutory lien to be enforced in a statutory proceeding.
We are dealing with a lien independent of statute, to
be enforced in a plenary suit in equity. The director
who was the plaintiff in the accounting suit might have
paid the attorney with his own money. If he had done
so, he would have had a lien for his own reimbursement
on the property recovered to the use of the corporation
as a result of his action. The rule is that a trust fund
must bear the expenses of its administration, and that a
trustee who conducts a litigation to protect the subject

of the trust, has a charge on the fund for expenses incurred in the performance of his duties (*Woodruff* v. *N. Y., L. E. & W. R. R. Co.*, 129 N. Y. 27; *Meddaugh* v. *Wilson*, 151 U. S. 333, 343; *Central R. R. & B. Co. of Ga.* v. *Pettus*, 113 U. S. 116). The law which imposes on a director the duty to hold a delinquent officer to account (*Miller* v. *Quincy, supra*), does not deny him indemnity for the expenses of the accounting. The lien enforceable by this plaintiff, is not, therefore, the statutory lien of an attorney. It is a contractual lien, acquired by succession to the potential lien of the plaintiff in the action for an accounting. The plaintiff in that action, instead of paying the attorney with his own money, and seeking reimbursement out of the fund, chose another and for himself a safer course. He refused to assume personal liability for the attorney's services, but agreed that the attorney should have a lien on the cause of action and its proceeds. That was a lawful contract. It was a contract for the transfer to the attorney of the equitable lien of the trustee (*New* v. *Nicoll*, 73 N. Y. 127, 131). A trustee, who is unwilling to assume personal liability for services essential to the protection of the trust, has the power, if other funds fail, to create a charge, equivalent to his own lien for reimbursement, in favor of another by whom the services are rendered (*Noyes* v. *Blakeman*, 6 N. Y. 567, 579; *New* v. *Nicoll, supra*). That is exactly what this director undertook to do. We think a court of equity will give effect to his engagement. The plaintiff rendered services of value, which the corporation has appropriated without requital. The plastic remedy of an equitable lien is adequate in such a case to prevent a failure of justice (*Perry* v. *Board of Missions*, 102 N. Y. 99, 105; *Meighan* v. *Am. Grass Twine Co.*, 154 Fed. Rep. 346).

The point is made that relief must be denied the plaintiff because since this action was begun, the corporation was adjudged a bankrupt, and the trustee in bankruptcy

substituted as a defendant.   In such circumstances, the trustee's title is subject to the plaintiff's equitable lien, and to the pending action to foreclose it (*Metcalf* v. *Barker,* 187 U. S. 165; *Pickens* v. *Roy,* 187 U. S. 177). It may be that the state court is without power to take the fund from the possession of the court of bankruptcy (*Skilton* v. *Coddington,* 185 N. Y. 80, 85, 86; *Frank* v. *Volkommer,* 205 U. S. 521, 529).   It has power, however, in this action, to which the trustee has voluntarily become a party, to declare the rights and interests of the litigants in the subject-matter of the controversy.   " We may assume," as we said in *Skilton* v. *Coddington* (*supra*), " that the bankruptcy court will give effect to any judgment recovered therein."

The facts essential to the plaintiff's case are established by the findings.   A new trial is, therefore, needless (Code Civ. Pro. sec. 1337; *Farleigh* v. *Cadman,* 159 N. Y. 169). The judgment should be reversed; the plaintiff should be decreed to have a lien upon the sum of $3,500 in the hands of the trustee in bankruptcy, the proceeds of notes and mortgage transferred by Wischerth to the corporation; the amount of the lien should be fixed at $1,000 with interest from September 6, 1911, and costs of this action in all courts; and there should also be a personal judgment in favor of the plaintiff for the amount of any deficiency remaining after the lien has been enforced.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, CUDDEBACK, MILLER and SEABURY, JJ., concur.

Judgment reversed, etc.