THERON G. STRONG, Appellant, *v*. GEORGE G. DUTCHER, as Remaining and Surviving Trustee of the Trusts under the Last Will and Testament of J. SPENCER TURNER, Deceased, and Others, Respondents.

Second Department, February 7, 1919.

Attorney and client — will — retainer of attorney by beneficiary to protect trust fund — equitable lien of attorney upon trust fund — pleading — demurrer — remedy where complaint is not definite and certain — agreement by infant beneficiary.

An attorney at law who, at the request of a beneficiary of a testamentary trust, has performed legal services in preserving the corpus of the trust estate upon the agreement of the beneficiary that he may look to the trust fund for payment, is in equity entitled to a lien upon the fund held for the benefit of his client and her issue where they admit the justice of his claim.

Demurrer to a complaint of such attorney seeking to charge the trust funds in the hands of the testamentary trustee with the value of legal services rendered at the request of a *cestui que trust* for the purpose of preserving the corpus of the trust. Complaint examined, and *held*, to state a cause in equity and that the demurrer was improperly sustained.

If such complaint is not definite and certain the defendant has his remedy by motion, or examination before trial, or bill of particulars, and the

sufficiency of the pleading as against a demurrer is not determined on such lines.

The sufficiency of such complaint is not affected by the question of whether an infant beneficiary could enter into an agreement respecting the payment for the plaintiff's services.

Appeal by the plaintiff, Theron G. Strong, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 3d day of December, 1918, denying his motion for judgment on the pleadings consisting of the complaint and a demurrer thereto and granting the cross motion of the defendant, George G. Dutcher, as trustee, for the same relief.

The plaintiff, an attorney and counselor at law, brought this suit in equity to charge a trust fund in possession of the defendant Dutcher as surviving trustee, etc., with the sum of $2,700, compensation for legal services rendered by the plaintiff in protecting and preserving the trust estate from loss. The complaint alleges that one J. Spencer Turner died leaving a will in which he created distinct testamentary trusts in favor of his children, among whom was one Sue Lloyd Parker, one of the defendants. Mrs. Parker was given a life interest in one-fifth of the residuary estate with remainder to her issue now consisting of her daughter the defendant Gertrude E. Pike. Mrs. Pike's infant son Arthur is also made a party defendant because of his contingent interest. The complaint alleges that in 1908 the trustee invested $330,000 due in 1911, and that on the date of the execution of the mortgage the trustee, Dutcher, with a cotrustee then living, executed an instrument in which Mr. Dutcher acted in a dual capacity, as trustee of the Turner estate and as president of the Atlantic Dock Company, in which it was declared that the interest of the trustees in the mortgage was $330,000 and of the dock company $105,000, and that the trust interest was prior to and superior to the interest of the dock company. In 1916 the principal of the mortgage was four years overdue, interest and taxes were in arrears and the mortgaged premises were incumbered by liens and notices for violations of city ordinances involving expenditures of large sums of money. In 1916 the dock company brought an action to foreclose the mortgage, making Dutcher as

trustee a defendant and charging that in making the investment of the corporate funds he had been guilty of a violation of his duty as president, director and counsel for the company, and praying that certain sums paid by him on account of interest, taxes, etc., should be refunded or that such amounts be declared prior liens upon the mortgaged premises, and that the principal of the corporate investment should be declared an equal lien with the interest of Dutcher as trustee. Dutcher as trustee also began a suit to foreclose the mortgage, and a receiver was appointed to take charge of the property after the commencement of the foreclosure suits. Mrs. Parker, the beneficiary in the trust fund created by her father's will, retained the plaintiff to render services as an attorney in the preservation of her share in the estate, claiming that it was in jeopardy and threatened with loss, stating at the time of the retainer that she was possessed of no means to pay plaintiff for his services and that he must look to the trust fund for payment. The plaintiff alleges that he assented to this arrangement and thereafter rendered services in protecting and preserving the trust estate. He alleges that his services were worth $2,700, and that Mrs. Parker and her daughter, Mrs. Pike, acknowledge the justice and reasonableness of his demand and consent that it be paid, but that Mr. Dutcher refuses to pay the same. The plaintiff asks judgment that the *cestui que trust* was justified in retaining the plaintiff, that she had power to incur the reasonable and necessary expenses of protecting and preserving the estate, that the value of plaintiff's services be declared a lien upon the principal of the fund held in trust for Mrs. Parker and that when determined the trustee should pay the amount thereof. The defendant Dutcher as surviving trustee demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was sustained at the Special Term.

*Charles Green Smith*, for the appellant.

*Stephen G. Thomas*, for the respondent George G. Dutcher, as remaining and surviving trustee, etc.

*John Kirkland Clark*, special guardian for Arthur E. Pike, Jr., infant respondent, appearing *amicus curiæ*.

KELLY, J.:

This appeal presents the question whether the life tenant, the *cestui que trust*, was warranted in retaining the plaintiff, a lawyer, to preserve the trust fund independently of the trustee, and whether in doing so she acted for the common interest; whether through plaintiff's services the fund was preserved or benefited; whether acting for the common interest the *cestui que trust* had the right in equity to a lien on the fund for the legal expenses thus incurred, and whether such lien was transferred to the plaintiff, appellant, to assure payment to him for his services.

In *Trustees* v. *Greenough* (105 U. S. 527) Mr. Justice BRADLEY, writing for the court, said: "It is a general principle that a trust estate must bear the expenses of its administration. It is also established by sufficient authority, that where one of many parties having a common interest in a trust fund, at his own expense takes proper proceedings to save it from destruction and to restore it to the purposes of the trust, he is entitled to reimbursement, either out of the fund itself, or by proportional contribution from those who accept the benefit of his efforts." And the same doctrine is sustained by the Court of Appeals in *Woodruff* v. *N. Y., L. E. & W. R. R. Co.* (129 N. Y. 27), in which case Chief Judge RUGER, writing for the court, says: "It is a cardinal principle in the disposition of trust estates, that the trust fund shall bear the expenses of its administration, and that one who successfully conducts a litigation *in autre droit,* for the benefit of a fund, shall be protected in the distribution of such fund for the expenses necessarily incurred by him in the performance of his duty. [*Matter of Holden,* 126 N. Y. 589; *Trustees* v. *Greenough,* 105 U. S. 527];" and referring to the *Greenough* case: "It was said by Judge BRADLEY, in delivering the opinion of the court, that 'if the complainant is not a trustee he has, at least, acted the part of a trustee in relation to the common interest. He may be said to have saved the fund for the *cestui que trust* and to have secured its proper application to their use,'" and the rule is reaffirmed in *Schoenherr* v. *Van Meter* (215 N. Y. 548) and in *Jessup* v. *Smith* (223 id. 203).

Does the complaint in the case at bar state a cause of action

under the principle thus laid down and conceded by the defendants, respondents? The learned justice at Special Term was of opinion that the only way in which the plaintiff could acquire a lien upon the trust fund was by express contract to transfer such lien or by direct assignment from the beneficiary (citing *New* v. *Nicoll*, 73 N. Y. 127), and he was further of opinion that " the complaint does not show that the attorney has performed his contract to protect and preserve the estate except as it in so many words states the fact." These were the objections at the Special Term and repeated here by the respondent as well as by the special guardian acting as *amicus curiæ*. Now if we concede the principle laid down in the cases cited, we have in the complaint the allegation of the will of J. Spencer Turner and the creation of certain separate and distinct trusts in favor of the children of the testator, one of whom was the defendant, respondent, Mrs. Parker, and it is alleged that the testator bequeathed to the trustees, of whom defendant Dutcher is the sole survivor, one-fifth of the residuary estate to be invested and kept invested and the income thereof paid to Mrs. Parker during her life, and at her death her share to go to her issue. Mrs. Parker is still living, the defendant Gertrude Pike is her only child, and the infant defendant Arthur Pike is the only child of Gertrude. So the interest of Mrs. Parker as life beneficiary and the interest of her issue are sufficiently stated. They have a direct and common interest in the proper administration of the trust. Certainly in case of necessity they have the right to take proper proceedings to preserve the fund established for their benefit. The complaint goes on to charge that in 1908 the trustees invested $300,000 of the trust estate in their hands on a bond and mortgage for $435,000 payable in 1911, made by one Pigueron and covering certain real estate on Union Square and on Sixteenth street, Manhattan, but that on the day the mortgage was executed, Mr. Dutcher, the trustee, executed an instrument in a dual capacity, viz., as president of the Atlantic Dock Company and as trustee under the will of Mr. Turner, by which it was declared that the interest of the trustees in the mortgage in question was $330,000, and the interest of the Atlantic Dock Company in the said mortgage was $105,000, but that the ownership of

the trustees was superior to that of the dock company, so that the trustees held a first mortgage for $330,000 with interest, and the dock company a second and subordinate mortgage for the balance. This was not a method of investment of trust funds to be approved by the court aside from the obvious impropriety of the trustee mingling his trust funds with the funds of the dock company of which he was president. And it appears from the complaint that the beneficiaries of the trust fund might well be disturbed as to the investment, because it is charged that in March, 1916, nearly eight years after it was made, the entire amount of the mortgage was overdue since July, 1911, that the interest was largely in arrears, that there were seven years' taxes unpaid on the mortgaged premises as well as water rates. Nor was this the only complication resulting from this unusual investment of trust funds. It is alleged that in January, 1914, Mr. Dutcher in his capacity as president and one of the directors of the dock company procured the passage of a resolution by the directors of the dock company to pay arrears of taxes and water rates on the premises amounting to some $55,000, and that the dock company actually paid $44,411.83 on account of such arrears. Then in March, 1916, the dock company instituted a suit for the foreclosure of the mortgage, making Mr. Dutcher as trustee a party defendant and charging that his investment of the funds of the dock company in the bond and mortgage in question was in violation of his duty to the company, that he knew that the funds of the corporation were to be invested only in mortgages which were first liens, and charging him with breach of duty not only as president and director of the company but as its attorney and counsel. The dock company asked that the amount paid by it for arrears of taxes and water rates should be declared a lien prior to the lien of the mortgage, that $4,600 which he had paid himself from the funds of the dock company to reimburse him for interest which he claimed to have paid to himself as trustee, should be refunded to the dock company or declared a lien prior to the mortgage, and that the investment of $105,000 of the dock company, with accrued interest, be declared an equal lien with that of the interest of the trustee. In March, 1916, it is alleged, Dutcher as trustee also began a foreclosure action,

a receiver was appointed who entered into possession of the mortgaged premises. I think the situation was such as to give the beneficiaries under the will of J. Spencer Turner grave cause for alarm as to the safety of the trust fund, and fully warranted them in consulting independent counsel. At this date in 1916 it is alleged that the share allotted to Mrs. Parker as life beneficiary with remainder to her issue amounted to $89,824.65, with interest accrued and to accrue thereon.

In this condition of affairs, the complaint goes on to allege that Mrs. Parker retained the plaintiff, an attorney at law of recognized standing and experience, to protect and preserve her share in her father's estate; that her interest was in jeopardy and threatened with serious loss by reason of accumulations of interest, taxes, water rates, the fact that the mortgaged premises were out of repair and subject to proceedings by the public authorities as well as the complications arising from the litigation with the dock company and its charges of mismanagement made against Mr. Dutcher. And the plaintiff alleges that Mrs. Parker stated to him that she was dependent to a large extent upon the income to which she was entitled from the mortgage in question; that investments by the trustee of other funds held in trust for her benefit were unproductive and threatened with loss, " and that she was possessed of no means to pay for said services, and was unwilling and unable to pay for the same, except from funds held in trust for her benefit by the defendant Dutcher, as such trustee, and that the plaintiff must look to the same for payment." The plaintiff alleges that " In pursuance of such retainer and request the plaintiff rendered services necessary to the protection and preservation of said funds held in trust for her by said Dutcher, which said services resulted in protecting and preserving the same." I think the agreement alleged, and the retainer of the plaintiff on these conditions accepted by him, gave him a lien upon the fund held for the benefit of Mrs. Parker and her issue. (*Schoenherr* v. *Van Meter*, 215 N. Y. 548; *Jessup* v. *Smith*, 223 id. 203.) In the *Jessup* case the trustee told Mr. Jessup " that he was poor, and unable to pay the fees of counsel, who would have to look to the estate for payment," and the finding was " that

Mr. Jessup ' agreed to accept such retainer, and to render his professional services * * * on the faith of the trust estate.' " Judge CARDOZO, writing for the Court of Appeals, said that if the trustee is " unable or unwilling to incur liability himself, the law does not leave him helpless. In such circumstances,. he ' has the power, if other funds fail, to create a charge, equivalent to his own lien for reimbursement, in favor of another by whom the services are rendered.' * * * That is exactly what this trustee assumed to do. He was unable to pay; he explained the situation to the plaintiff; he was exonerated from personal liability; and the acceptance of the retainer was, by express agreement, on the credit of the estate." I think a court of equity should give effect to such an engagement, and that the agreement is sufficiently alleged as against demurrer. " Express " contracts and " direct " assignments are never required in equity to justify a judgment declaring that what is right and required by good conscience should be done.

But the demurring defendants contend that the complaint does not show that the attorney has performed his contract or that his services have benefited or preserved the trust estate. It must be remembered that we are dealing with a demurrer and that the allegations of the complaint and all reasonable and legitimate inferences and intendments derivable thereupon are to be taken as true, and resolved in favor of the pleader. The defendants insist that as to the allegation of service performed, the plaintiff states conclusions only — that it appears that the foreclosure suits and the other litigations are still pending and that there are no facts alleged justifying plaintiff's demand for $2,700. But the complaint alleges that Mrs. Parker and her daughter, Mrs. Pike, acknowledge the justice and reasonableness of plaintiff's claim and that they have consented that Mr. Dutcher may pay it, but payment is refused. In the 13th paragraph of the complaint the plaintiff alleges the services rendered by him under the agreement alleged. As already suggested, we are dealing with a demurrer upon the ground that no cause of action is stated. If a complaint is not definite and certain, a defendant has his remedy by motion, or examination before trial or bill of particulars. The sufficiency of a pleading as

against a demurrer is not determined on any such lines. The plaintiff in this case did not content himself with the allegation that he " rendered services necessary to the protection and preservation of said funds held in trust for her by said Dutcher, which said services resulted in protecting and preserving the same." In the succeeding paragraph he recites certain services in detail which he says he rendered in pursuance of the retainer, " among others." He alleges that he investigated the facts and the law respecting the investment of the trust fund, the validity, legality and effect of the acts of Dutcher in his dual capacity as trustee, and as representing the dock company. He alleges that he investigated Dutcher's accounts rendered as trustee and his transactions with the beneficiaries; he investigated the outstanding liens for unpaid taxes, water rates, and demands by the city departments in reference to the mortgaged premises. He held frequent necessary consultations with Dutcher and his counsel in the effort to secure an adjustment which would result in the payment of interest on the mortgage as it accrued, and which would maintain the first lien of the trust investment threatened by the dock company's litigation. These efforts at adjustment being unsuccessful, he advised the parties in interest to begin proceedings against Mr. Dutcher before the surrogate of Kings county to surcharge his accounts with the amount of the investment, and such proceedings were instituted by the plaintiff, issue was joined and the matter was argued before the surrogate and briefs prepared and submitted. The complaint alleges that after the matter was submitted to the surrogate negotiations were begun for settlement involving examination of voluminous agreements and consultations with the parties in interest and their counsel, and finally, " That the plaintiff's services resulted successfully to the parties in interest in the execution of agreements approved and executed by them which have accomplished the object desired of protecting and preserving the said trust estate from the loss which seriously threatened it." The learned justice at Special Term sustained the contention of the learned counsel for the trustee, that these allegations were insufficient to show that plaintiff " has performed his contract to protect and preserve the estate." He says the two foreclosure suits are still pending, the receiver

is still in possession and the proceedings to surcharge the trustee's accounts have not terminated, and comments upon the omission of allegations as to the contents of the agreements approved and executed by the parties and asks, " How could the infant beneficiary enter into any agreement of settlement which would be conclusively effective? " But I think these considerations are not at all decisive of the sufficiency of the complaint. Whether the plaintiff rendered services, whether he performed his work satisfactorily, whether the estate was benefited and whether his services are worth $2,700, all these are questions of fact. It may be that plaintiff will be unable to prove his case, but I think he must be afforded the opportunity of presenting the evidence. It is no answer to the lawyer's claim for his fees that the foreclosure suits are still pending, or that the surrogate has not decided the litigation. A lawyer may not succeed in his case, but this is no teason for refusing to pay him. And whether or not he has succeeded is not always to be ascertained by the final judgment in the action. Apparent defeat may mean real success. These are all matters to be determined on the evidence. Nor is the reference to the consent of the infant of importance. His rights are cared for by able counsel, but his interest is contingent and remote. The situation presented to Mrs. Parker and her daughter in 1916 was one which required prompt action. They acted accordingly, they appeared to be satisfied with plaintiff's services and have consented to the payment of his bill by the trustee. I think the complaint states a cause of action.

The order sustaining demurrer, denying plaintiff's motion for judgment on the pleadings and granting defendant's similar motion should be reversed, with ten dollars costs and disbursements; the demurrer interposed by defendant Dutcher as trustee is overruled and his motion denied, and plaintiff's motion for judgment upon the pleadings is granted, with ten dollars costs, with leave to defendant to answer within twenty days upon payment of costs.

JENKS, P. J., MILLS, RICH and JAYCOX, JJ., concurred.

Order sustaining demurrer, denying plaintiff's motion for judgment on the pleadings and granting defendant's similar

motion reversed, with ten dollars costs and disbursements; the demurrer interposed by defendant Dutcher as trustee is overruled and his motion denied, and plaintiff's motion for judgment upon the pleadings is granted, with ten dollars costs, with leave to defendant to answer within twenty days upon payment of costs.