## LAZENBY v. CODMAN et al.

District Court, S. D. New York.
Dec. 13, 1939.

Reargument Denied March 18, 1940.

Davies, Auerbach, Cornell & Hardy, of New York City (William J. Carr, of New York City, of counsel), for plaintiff.

Wing, Lakin & Whedon, of New York City (Burt D. Whedon, of New York City, of counsel), for defendants Codman and Meyer as trustees and Karolik and Codman, as beneficiaries, etc.

CONGER, District Judge.

This is an equitable action to enforce an attorney's lien under Section 475 of the Judiciary Law of the State of New York. The Court is asked to enforce this lien against specific property within the State of New York for services rendered in the State of New York.

His claim is based on services rendered in connection with a claim which the de-fendants, Edmund D. Codman and Henry Hixon Meyer as Trustees under the Will of Maria P. Codman, deceased, had against the Estate of Abraham L. Erlanger, deceased.

The Erlanger estate is a New York estate. The plaintiff claims that by his efforts the claim against the Erlanger estate was allowed in the sum of $616,150.-15, and that he, as attorney, claims an attorney's lien on said claim by reason of the rendition of his services in establishing the said claim. The Codman estate is a Massachusetts estate; the Trustees are not residents of New York. The summons and complaint were served outside of the State of New York pursuant to Section 235 of the New York Civil Practice Act, which allows service of the summons without an order without the State under certain conditions.

The defendant Trustees and the beneficiaries of the Trust under the Will of Edmund D. Codman, have moved herein (1) to dismiss the action because the complaint fails to state a claim on which relief can be granted, and (2) to dismiss the action, or in lieu thereof, to quash the return of the service of the summons upon the aforesaid defendants Trustees and beneficiaries under the said Trust, on the ground that the summons was not served personally upon the defendants in the State of New York.

The whole question is whether or not the plaintiff has a lien pursuant to Section 475 of the New York Judiciary Law, and whether he may enforce it in this action. This action is an equitable action; the lien claimed, however, is a statutory lien. The plaintiff is not claiming an equitable lien, but a lien given to him solely by the aforesaid section of the Judiciary Law. There can be no question about this. A careful examination of the complaint indicates nothing else. (See paragraph 11 of the complaint.)

It seems to me that this rather limits the issue and under the limitation, I am of the opinion that the plaintiff cannot succeed, and that defendants' motion should be granted in accordance with a decision of the Court of Appeals of the State of New York in the case of Schoenherr v. Van Meter, 215 N.Y. 548, 109 N.E. 625. While the Court in that case sustained the lien, they did so on another theory; and although a lien under similar circumstances and involving similar priu-

442

ciples might be allowed, a statutory lien can not be sustained. The Court there stated: "We assume, in accordance with our decision in Matter of Meighan, 106 App.Div. 599, 94 N.Y.S. 1153, and Id., 182 N.Y. 558, 75 N.E. 1131, that the statutory lien created by section 475 of the Judiciary Law * * * for the benefit of an attorney is not enforceable under such conditions. That case was a proceeding by petition under the statute. The court held that, in a suit by a stockholder for the benefit of a corporation, the statutory lien of the attorney does not attach to the money paid to the corporation perforce of the judgment. * * * We are not dealing now with a statutory lien to be enforced in a statutory proceeding. We are dealing with a lien independent of statute, to be enforced in a plenary suit in equity."

In view of the unequivocal language of the above case, there can be no other conclusion. In this equitable action, the Court is asked to enforce a statutory lien which Judge Cardozo, in the above case, says may not be done.

If the plaintiff in this action was attempting to establish an equitable lien, the holding herein might be different. This, however, is a different situation. Settle order on notice.