## LAZENBY v. CODMAN et al.

### No. 379.

Circuit Court of Appeals, Second Circuit.

July 18, 1940.

Davies, Auerbach, Cornell & Hardy, of New York City (Martin A. Schenck and William J. Carr, both of New York City, of counsel), for appellant.

Wing, Lakin & Whedon, of New York City (Burt D. Whedon, of New York City, of counsel), for appellees.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

This action was commenced on September 1, 1939, in the Supreme Court of New York County by service of a summons and complaint upon Leonard E. Bergman and Julius Klein, administrators of the estate of Abraham L. Erlanger, deceased. The complaint alleges that the plaintiff is a New York attorney; that at the request of the defendants Codman and Meyer, trustees of a trust established by the will of Maria P. Codman, admitted to probate in Massachusetts, he performed legal services resulting in the entry of a decree in the Surrogate's Court of New York County that the sum of $616,150.12 was owed by the estate of Erlanger to said testamentary trust; that his services were reasonably worth $96,224.20, of which sum a balance of $32,078.20 remains unpaid; that he has an attorney's lien on the debt established by the decree of the Surrogate's Court and the amount of this lien should be determined and "it should be enforced pursuant to section 475 of the [New York] Judiciary Law [Consol. Laws, c. 30]." It is also alleged that said testamentary trustees are non-residents and in their individual capacity have no property within the state of New York out of which the plaintiff's lien can be realized; and that he has no adequate remedy at law. The complaint concludes with a prayer that the amount of the plaintiff's lien be ascertained and the Erlanger administrators be directed to pay him, and for general equitable relief. Martha C. Karolik and Catherine A. Codman, who are non-residents and the beneficiaries of the testamentary trust, were also made defendants. Summons and complaint were served upon the four non-resident defendants outside the state. After removal of the action to the District Court, the non-resident defendants answered and filed a counterclaim, and then moved to dismiss the action as against them for lack of jurisdiction. This motion was granted.

The District Judge appears to have been of the opinion that the plaintiff's complaint relies solely upon the statutory lien created by section 475 of the New York Judiciary Law and that an attorney employed by testamentary trustees is not given such a lien upon a judgment rendered in favor of the trust estate. Section 475 provides that "From the commencement of an action * * * the attorney who appears for a party has a lien upon his client's cause of action * * * which attaches to a * * * judgment or final order in his client's favor * * *." In Matter of Meighan, 106 App.Div. 599, 94 N.Y.S. 1153, affirmed 182 N.Y. 558, 75 N.E. 1131, stockholders of a corporation brought a derivative action against a director to recover for the corporation dividends alleged to have been wrongfully paid out of capital. A settlement was effected by the parties and the plaintiffs' attorneys petitioned the court to establish their lien against the sum so paid. The trial court held that they had no statutory lien and this was affirmed without opinion by the appellate courts, although in each there was a dissent.[1] From the dissenting memoranda it would appear that the majority went on the view that the cause of action was the corporation's, while the attorneys acted not for it but for the plaintiff stockholders. This decision was referred to in Schoenherr v. Van Meter, 215 N.Y. 548, 551, 109 N.E. 625 with the statement: "We assume, in accordance with our decision in Matter of Meighan, 106 App.Div. 599, 94 N.Y.S. 1153, and Id., 182 N.Y. 558, 75 N.E. 1131, that the statutory lien created by section 475 of the Judiciary Law * * * for the benefit of an attorney is not enforceable under such conditions."

On the strength of these cases the appellees argue that an attorney who brings an action for a person suing in a representative capacity has no statutory lien on the judgment or proceeds resulting from his services. The contention is that an attorney's contract with a trustee binds the trustee personally; the trustee as an individual is the attorney's client and as an individual he has no cause of action in litigation; hence no judgment is rendered

---

[1] Compare Meighan v. American Grass Twine Co., 2 Cir., 154 F. 346; 348.

"in his client's favor" to which the attorney's statutory lien can attach. But there is an obvious difference between a stockholder's derivative suit and a suit by a testamentary trustee. In the former, the defendant's liability is one which the corporation itself can enforce and only because of the corporation's failure to do so is a stockholder permitted to sue in its behalf. In the latter, the trust is not a juristic person and the trustee is the only party entitled to bring suit to enforce the defendants' liability. Granting that the federal courts must accept the construction placed upon the statute in Matter of Meighan, supra, when faced with a similar situation, no authority has been called to our attention requiring us to hold that an attorney employed by a trustee has no lien upon the trustee's cause of action. In our opinion the statute should be construed to give such a lien.

 Section 475 not only creates a right but gives a remedy. It provides that the client or the attorney may apply by petition in the main action to have the court determine and enforce the lien. This remedy, however, is not exclusive; if the attorney prefers, he may proceed by plenary action to have his statutory lien adjudged and enforced. Fischer-Hansen v. Brooklyn Heights R. Co., 173 N.Y. 492, 66 N.E. 395; Matter of Atterbury, 222 N.Y. 355, 118 N.E. 858. This is the course the plaintiff chose in the case at bar. It is true that in paragraph 11 of his complaint he alleged that his lien "should be enforced pursuant to section 475." This is a mere inadvertence; he did not proceed by petition in the main action, but brought a plenary suit in the Supreme Court of New York County. As a plenary suit to enforce the plaintiff's statutory lien, brought into the District Court by removal, that court had jurisdiction of the subject matter. Jurisdiction of the person of the non-resident defendants was acquired by service outside the state pursuant to section 235, N.Y. Civil Practice Act. Accordingly, dismissal for want of jurisdiction was erroneous.

Even if our view that section 475 gives to an attorney employed by testamentary trustees a statutory lien upon the trustees' cause of action were wrong, the complaint should not have been dismissed. It states facts sufficient to establish an equitable right in the trustees' judgment independent of the statute. The trustees being non-residents and having no property belonging to them individually within the state, the plaintiff by a suit in equity may reach trust property and apply it to the satisfaction of his claim to the extent to which the trustee is entitled to exoneration out of the trust estate. Am.L.Inst. Restatement of Law of Trusts, § 268; Scott, Trusts, 1939 Ed., Vol. 2, p. 1507; Williston, Contracts, 2d Ed., § 313; Jessup v. Smith, 223 N.Y. 203, 207, 119 N.E. 403; Such a lien was enforced in Jessup v. Smith and in Schoenherr v. Van Meter, 215 N.Y. 548, 109 N.E. 625. In those cases there appears to have been an agreement for the transfer to the attorney of the equitable lien of the trustee. But we do not understand that an express agreement by the trustees to charge their right of exoneration with plaintiff's fee is necessary to entitle him to reach such right. See Strong v. Dutcher, 186 App.Div. 307, 314, 174 N.Y. S. 352, and text writers above cited. We believe that such right of exoneration out of the trustees' judgment in the Surrogate's Court is a sufficient "interest in or lien upon" specific personal property within the state to come within section 235 of the New York Civil Practice Act. Therefore, on the theory that the complaint sought enforcement of the attorney's equitable lien rather than his statutory lien, jurisdiction of the non-resident defendants was likewise properly acquired.

Order of dismissal reversed.