## RECONSTRUCTION FINANCE CORPORA-
## TION v. BANKERS TRUST CO.
### (two cases).
### Nos. 12089–12147.

Circuit Court of Appeals, Eighth Circuit.
June 10, 1942.

Robert D. Evans, of St. Louis, Mo. (Russell L. Snodgrass, of Washington, D. C., and Hennings, Green, Henry & Evans, of St. Louis, Mo., on the brief), for appellant.

Daniel H. Kunkel, Counsel for Interstate Commerce Commission, of Washington, D. C. (Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, of Washington, D.C., on the brief), for Interstate Commerce Commission, Amicus Curiae, for appellant.

Rhodes E. Cave, of St. Louis Mo. (White & Case, of New York City, Bryan, Williams, Cave & McPheeters, of St. Louis,

Mo., and Fitzhugh McGrew and Herbert F. July, both of New York City, on the brief), for appellee.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from an order of a district court, in bankruptcy, making allowances for services rendered and expenses incurred by the trustee under a refunding mortgage of a railroad company in reorganization under § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205.

At the time the allowance was made to the trustee under the refunding mortgage, the court had before it a plan for the reorganization of the debtor, approved by the Interstate Commerce Commission, and had made an order requiring all parties in interest to present, within the time limited by the order, their objections to the proposed plan of reorganization; and also to file all claims for compensation for services rendered or for expenses incurred "either under Clause 12 of Subsection c of Section 77 of the Bankruptcy Act, or otherwise." The order also directed the clerk of the court, upon the filing of petitions for allowances under the section of the statute mentioned, to forward copies of such petitions to the Interstate Commerce Commission "for the fixing of a maximum limit or limits on the amount or amounts of the allowances to the petitioner or petitioners from the estate of said debtor."

Section 77 c (12) of the Bankruptcy Act is as follows: "Within such maximum limits as are fixed by the Commission, the judge may make an allowance, to be paid out of the debtor's estate, for the actual and reasonable expenses (including reasonable attorney's fees) incurred in connection with the proceedings and plan by parties in interest and by reorganization managers and committees or other representatives of creditors and stockholders, and within such limits may make an allowance to be paid out of the debtor's estate for the actual and reasonable expenses incurred in connection with the proceedings and plan and reasonable compensation for services in connection therewith by trustees under indentures, depositaries and such assistants as the Commission with the approval of the judge may especially employ. Appeals from orders of the court fixing such allowances may be taken to the cir-

cuit court of appeals independently of other appeals in the proceeding and shall be heard summarily. The Commission shall, at such time or times as it may deem appropriate, after hearing, fix the maximum allowances which may be allowed by the court pursuant to the provisions of paragraph (12) of this subsection (c) and, after hearing if the Commission shall deem it necessary, the maximum compensation which may be allowed by the court pursuant to the provisions of paragraph (2) of this subsection (c)." 11 U.S.C.A. § 205, sub. c(12).

In obedience to the order of the court, the appellee filed two petitions for allowance for services rendered and expenses incurred by it in the reorganization proceedings, one being numbered 266 and the other 267. The total amount of the allowance asked in each petition was $26,792.16, of which $10,000 was asked for the services of the Bankers Trust Company as trustee under the refunding mortgage, $16,000 for fees of its counsel, and the balance for expenses.

In petition No. 266, the appellee alleged that the services and expenses for which compensation was asked had not been incurred in connection with the proceedings and plan for reorganization of the debtor. It averred that its services were rendered and expenses incurred as trustee under the refunding mortgage in the performance of its obligations as trustee and for the benefit of the trust estate as distinguished from the debtor's estate; that by the terms of the refunding mortgage it was given a first lien on all property of the trust estate, including certain cash on deposit with it as trustee; and that for the reasons stated, the court had jurisdiction to determine the amount to which appellee was entitled without the intervention of the Interstate Commerce Commission under the section of the statute quoted above.

Petition No. 267 was filed by the appellee in order to protect its rights, under the order of the court fixing the time for filing claims, in the event a decision of the court on petition No. 266 should be adverse to it. In this petition appellee asked compensation, under the statute, for the same services and expenses as in petition No. 266, reserving its objection to the jurisdiction of the Interstate Commerce Commission to fix the maximum limit within which its claim might be allowed, and repeating its allegations concerning

its right to have its claim adjudicated exclusively by the court. This petition, in compliance with the order of the court, was referred to the Interstate Commerce Commission.

Before action by the Commission upon the second petition, appellee's petition No. 266 came on for hearing in the court, which entered an order allowing compensation in the full amount claimed. It appears in the briefs of the parties that after the hearing in the court, the Commission considered petition No. 267 and entered an order upon it, making allowances in an amount substantially less than that allowed by the court.

The mortgage under which appellee is trustee secured $47,513,000 aggregate principal amount of bonds of the Kansas City, Fort Scott and Memphis Railway Company, a part of the system of the debtor railroad in reorganization. It was a first lien upon the main line of the debtor between Kansas City and Memphis, a second lien upon the main line between Memphis and Birmingham, and was also secured by certain bonds and common stocks and by approximately $265,000 in cash on deposit with the corporate trustee. Appellee's claim of a lien upon the property in its hands as trustee is based upon the following provision of the refunding mortgage:

"The Trustees shall be entitled to reasonable compensation for all services rendered by them in the execution of the trusts hereby created, which compensation as well as all reasonable expenses necessarily incurred and actually disbursed hereunder, the Railway Company agrees to pay and hereby charges on the trust estate."

The mortgage further provided that in the event of a sale of the mortgaged premises by the trustee, under the power granted it, or by virtue of judicial proceedings, the proceeds realized should be applied first to the costs and expenses of the sale and to the payment of a reasonable compensation to the trustees, their agents, and attorneys.

The bankruptcy court, holding that § 77, sub. c(12) had no application to claims of the character presented in petition No. 266, ordered that the appellee pay to itself the full amount of its claim out of the cash on deposit with it as trustee under the mortgage. It held that under the provisions of the mortgage the amount of appellee's claim was a proper charge "on the trust estate subject to said mortgage." The court made no finding as to whether the services rendered and expenses incurred by the appellee were in connection with the reorganization proceedings and plan, or whether they resulted in any benefit to the debtor's estate.

This appeal is prosecuted by the Reconstruction Finance Corporation, a party to the reorganization proceedings in the court below by intervention, and is supported by a brief filed on behalf of the Interstate Commerce Commission, as amicus curiae. It is urged on behalf of the appellant that the order of the lower court is erroneous in holding that the claim of the appellee was not governed by § 77, sub. c(12) of the Bankruptcy Act. The argument in support of this assignment of error is that the evidence establishes that the services of the appellee and its counsel were in fact in connection with the reorganization plan and proceedings within the meaning of the section of the Bankruptcy Act quoted above, and that the bankruptcy court, therefore, is without power or jurisdiction to allow the claim except within the maximum limits fixed by the Interstate Commerce Commission after reference of the claim to the Commission. With this contention we cannot agree.

It is obvious that under § 77, sub. c(12) of the Bankruptcy Act the allowances authorized are only those for services and expenses actually rendered and incurred in connection with the reorganization proceedings and plan, and resulting in benefit to the debtor's estate. It is also obvious that the maximum limits within which claims of the character mentioned above may be allowed by the court must first be fixed by the Commission. Nor do we doubt that the intention of the Congress in enacting this section of the bankruptcy statute was sharply to limit the administrative expenses of reorganization proceedings, nor that the bankruptcy court is without power to exceed the limits fixed by the Interstate Commerce Commission with regard to claims of the character governed by the section of the Act in question. In re Chicago, M., St. P. & P. R. Co., 7 Cir., 121 F.2d 371; In re Chicago & N. W. Ry. Co., D.C., 35 F.Supp. 230; Id., 7 Cir., 121 F.2d 791, 798, 799. And see Hugg v. Crooks, 8 Cir., 122 F.2d 366; Straus v. Baker Co., 5 Cir., 87 F.2d 401; In re Central Shorewood Building Corp., 7 Cir.,

90 F.2d 725, construing similar provisions of § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, dealing with corporate reorganizations. The validity of this section has been upheld as applied to claims within the purview of the section. In re Chicago & N. W. Ry. Co., 7 Cir., 121 F.2d 791.

We may also agree with the appellant's contention that the debtor's estate, within the meaning of § 77, sub. c(12) of the Bankruptcy Act, includes all of the debtor's property, encumbered and unencumbered, Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110, and that the payment of the claim out of property in the hands of appellee as trustee under the refunding mortgage is in fact payment out of the estate of the debtor. But these circumstances are not important in the decision of the present case. The claim of the appellee is not for services rendered to the debtor's estate nor in connection with the reorganization proceedings and plan within the meaning of the section of the Bankruptcy Act relied on by appellant. Appellee's claim is based upon its contract, expressed in the refunding mortgage, and is for its services to the trust estate required by that mortgage in fulfilling its duty and obligation to the bondholders secured by the mortgage.

Under § 77 of the Bankruptcy Act the bankruptcy court acquired exclusive jurisdiction of all of the property of the debtor railroad wherever situated. But it took possession of the debtor's property subject to all valid claims against it. Appellee, as trustee under a mortgage conveying a large part of the debtor's estate as security for the payment of certain bonds of the debtor, intervened in the reorganization proceedings in order to protect the rights of the bondholders. In any plan of reorganization of the debtor finally adopted, these bondholders were entitled to fair and equitable treatment, and appellee was a proper party to represent them in the reorganization proceedings. By the terms of the trust indenture it was entitled to compensation for its services rendered in behalf of the bondholders. As a general rule the trustee is entitled to compensation out of the trust estate for the services rendered and expenses incurred in the protection of the trust. Perry on Trusts and Trustees, Vol. II, p. 1531; Restatement, Law of Trusts, Vol. I, §§ 242, 244. Schoenherr v. Van Meter, 215 N.Y. 548,

109 N.E. 625; Hallett v. Moore, 282 Mass. 380, 185 N.E. 474, 91 A.L.R. 572. In the present case the trust estate was charged with a lien to secure the payment for the trustee's services and expenses properly incurred in the administration of the estate. As the bankruptcy court had possession of the trust estate as a part of the debtor's estate, it was necessary for the appellee to apply to that court for the allowance of its claim.

Nor is the fact that the services of appellee may have been rendered and its expenses incurred in connection with the reorganization plan and proceedings controlling on the question here. In a literal sense they were because they were made necessary by the reorganization proceedings. The officers of appellee and its counsel gave attention to the steps taken in the proceedings and attended hearings before the court and the Commission. They took part in conferences in regard to the status of the proposed plan of reorganization and in meetings held to work out new plans. But appellee was at all times acting primarily in the interest of the bondholders under the refunding mortgage. The fact that the services of appellee on behalf of the trust estate were also beneficial to the reorganization proceedings should add to, rather than detract from, its right to compensation. See cases cited above.

There is nothing in the case of In re Chicago & N. W. Ry. Co., D.C., 35 F.Supp. 230, 250, contrary to the opinion expressed here. In that case the trustees under a refunding mortgage were asking compensation, not under the terms of the mortgage, but under § 77, sub. c(12), of the Bankruptcy Act. The court properly held that it was without jurisdiction to allow them more than the maximum amount fixed by the Interstate Commerce Commission regardless of whether they were to be paid from the general estate of the debtor or from the property pledged to secure the mortgage under which they were trustees. On the other hand, in Straus v. Baker Co., supra, a proceeding under § 77B of the Bankruptcy Act, the court held that a trustee under a mortgage was entitled to compensation out of the property pledged under the mortgage for services to the trust estate.

No criticism is offered by appellant concerning the amount of the allowance to appellee except such as may be implied in its contention that the court had no

jurisdiction to make an allowance greater than the maximum amount fixed by the Commission on petition No. 267. But the Commission was measuring the reasonable value of appellee's services in the reorganization proceedings to the estate of the debtor. Appellee is not asking for compensation for that service. On the other hand it asks reasonable compensation for the value of its services to the trust estate. We find nothing in the record which would justify us in overruling the decision of the bankruptcy court upon the necessity or propriety of the services rendered by the appellee to the trust estate nor upon the value of the services rendered. We are not advised in this record of the terms of the proposed reorganization plans pending before the court nor the treatment accorded by the reorganization plan to the interests represented by the trustee. These facts and others material to the decision of the lower court, concerning which the record on appeal gives no information, were before the lower court and presumably justified its judgment in this case.

We think the claim of the appellee was within the jurisdiction of the court below to allow without the intervention of the Interstate Commerce Commission under § 77, sub. c(12).

The judgment appealed from is affirmed.

THOMAS, Circuit Judge (dissenting).

I think the court erred in allowing the trustee's claim under petition No. 266 without findings of fact or conclusions of law and in effect holding that § 77, sub. c(12), 11 U.S.C.A. § 205, sub. c(12), is not controlling. This section is specifically made applicable to "trustees under indentures", and a procedure with right of appeal is prescribed for determining the amount of such claims and for their allowance. The indenture in this instance creates a lien but does not fix its amount.

In my opinion the trustee should have proceeded under its petition No. 267. Even though it claims subsection c(12) is unconstitutional, if applied to its claim, it nevertheless should be required to present the facts in the prescribed administrative proceeding. It could then raise, and ultimately present for judicial review, any legal question which may arise. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374; Commonwealth of Massa-

chusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078; Wilshire Oil Co. v. United States, 295 U.S. 100, 55 S.Ct. 673, 79 L.Ed. 1329. It is not clear to me that a district court sitting as a court of bankruptcy has power in a bankruptcy proceeding to ignore the statute prescribing a means for determining the amount of unliquidated and disputed claims and to act upon such claims outside the statute.

Even if this court should hold that subsection c(12) is not applicable and that the court should properly allow claim No. 266, then the case should be remanded for findings of fact and conclusions of law by the bankruptcy court. See Kelso v. Maclaren, Trustee, 8 Cir., 122 F.2d 867, and Order 47 of General Orders in Bankruptcy, 11 U.S.C.A. following section 53, 305 U.S. 681, 702.