In the Matter of Summary Proceedings. ROCKAWAY POINT COMPANY, INC., Respondent, v. NILS FRIBERG, Appellant.— Final order of the county judge of Queens county modified by inserting a caption containing the title of the proceeding, striking therefrom the words " To the Sheriff of the County of Queens " and the words " and decreeing that the said tenant and each and every person in possession of said premises be removed therefrom," and " Therefore, You Are Hereby Commanded to forthwith remove and each and every person in possession thereof from said property," so that the order as modified shall read, " I thereupon make a final order awarding to said landlord and petitioner the delivery of the possession of the said property," and as modified the final order is affirmed, without costs. We are of opinion that the final order in favor of the landlord was in accordance with the stipulation of the parties and that the action or actions mentioned in said stipulation to be commenced by the tenant referred to the equity action thereafter commenced by said tenant and determined adversely to his contentions, from the judgment in which action no appeal was taken. The landlord thereupon became entitled to the final order under the stipulation. We can find no authority for the attempted combination of the warrant with the final order. (Code Civ. Proc. §§ 2249, 2251.) The warrant is a writ issued in the name of the People of the State and based upon the final order. Blackmar, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concur. Settle order on notice.

In the Matter of Summary Proceedings. ROCKAWAY POINT COMPANY, INC., Respondent, v. NILS FRIBERG, Appellant.— Order of the county judge of Queens county of May 23, 1921, modified by providing that the execution of the warrant to be issued under the final order herein shall be stayed as to any portion of the demised premises actually used and occupied by the tenant as a dwelling; and as so modified the order is affirmed, without costs. We think that the tenant is entitled to the protection of chapter 942, Laws of 1920,* as to such portion of the demised premises as are actually used and occupied as a dwelling by himself and his family. His right to occupy the premises for business purposes terminated with the final order. Rich, Putnam, Kelly and Jaycox, JJ., concur; Blackmar, P. J., dissents on the ground that the situation here disclosed does not present a case within the scope and meaning of the September rent laws. Settle order on notice.

KNICKERBOCKER ICE COMPANY, Appellant, v. JOHN STEIGERWALD, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Mills, Rich, Kelly and Manning, JJ., concur.

LORD & BURNHAM COMPANY, a Domestic Corporation, Respondent, v. CASPER C. TREPEL and Others, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Putnam, Kelly and Jaycox, JJ.

---

* Adding to Code Civ. Proc. § 2231, subd. 1a.— [REP.