REBECCA A. BAVENDAM, as Agent for MINNIE HENIGAN, REBECCA A. BAVENDAM and ARNOLD F. BAVENDAM, Respondents, *v.* MORRIS LEVINSON, Appellant.

(Supreme Court, Appellate Term, Second Department, July, 1921.)

Landlord and tenant — premises used both for business and dwelling purposes — Laws of 1920, chaps. 942-953 apply only to premises occupied for dwelling purposes — landlord entitled to recover possession of premises other than parts occupied for dwelling purposes.

> The tenancy created by recent legislation (Laws of 1920, chaps. 942-953) is by the express terms of said statutes applicable only to premises occupied for dwelling purposes.
>
> A lease of a two-story building in New York city provided that the premises were to be occupied by the tenant " as a retail cigar, confectionery, stationery, and newspaper store and dwelling and not otherwise." The tenant used the room behind the store, which was on the ground floor, and the rooms on the second floor for dwelling purposes for himself and family. The lease was not renewed and since March 1, 1921, when it expired, the tenant has not remained in possession under any new agreement with the landlord. *Held,* that the landlord was entitled to the possession of the premises with the exception of that portion which the tenant occupies for dwelling purposes.

APPEAL from a final order of the Municipal Court of the city of New York, borough of Brooklyn, second district, awarding to the landlords possession of the premises occupied by the tenant, such order entered upon the verdict of the jury directed by the court.

Junius Pendleton Wilson, for appellant.

Andrew F. Van Thun, Jr., for respondents.

CROPSEY, J. This proceeding was based upon an allegation that the tenant held over after the expiration of his term.

The tenant had been occupying the whole of a two-story building, No. 340 Franklin avenue, Brooklyn, under a written lease which expired March 1, 1921. The lease had run for five years. It provided that the premises were to be occupied by the party of the second part (tenant) as retail cigar, confectionery, stationery and newspaper store and dwelling, and not otherwise. The premises consist of a store on the ground floor with one room in the rear of it, and rooms on the second floor, but the number of these does not appear. There is a hall leading from the street to the back yard and to the second floor, which is independent of the store, and the room behind the store may also be reached without passing through the store. It was conceded that the tenant used the room behind the store and the rooms on the second floor for dwelling purposes for himself and his family. The tenant's lease has not been renewed, and since March 1, 1921, he has not remained in possession under any new agreement made with his landlords, nor created by operation of law, unless so created by the housing legislation passed last September (Laws of 1920, chaps. 942–953). In other words, the tenant is a trespasser and without right to remain in the premises unless such right be given by the recent legislation. But for that legislation the landlords concededly would be entitled to recover possession. What effect, if any, that legislation has had upon the landlords' right is the question presented. And the landlords do not seek possession under any of the exceptions contained in the September statutes. The sole question is whether they may obtain such possession notwithstanding those laws.

If the premises were used solely for business purposes the recent statutes would have no effect and the landlords should succeed.  If the premises were occupied solely for dwelling purposes those statutes would protect the tenant and the landlords could not get possession because they did not bring themselves within any of the exceptions.  But here the premises are used both for business purposes and for dwelling purposes by the same tenant.  In such a case may the landlords obtain possession of the entire property, or may the tenant retain possession of the whole of it, or shall it be decreed that the tenant surrender possession of the portion occupied for business purposes and retain the portion occupied for dwelling purposes?  Both counsel state they have found no case passing upon this question, nor does the court know of any.  The recent statutes seem to contain nothing that bears directly upon the situation that is presented.  But the purpose of the statutes is manifest and that has been emphasized by the decisions upholding their constitutionality.  *People ex rel. Durham Realty Corporation* v. *LaFetra,* 230 N. Y. 429.  They were in part at least enacted for the protection of tenants who were in possession of property " occupied for dwelling purposes."  Such tenants in possession were put in a " preferred class " and were given rights not accorded to others.  The location, size or style of the property is unimportant.  Every tenant occupying premises " for dwelling purposes " was given protection by these laws.  The present tenant was occupying a portion of the leased premises for dwelling purposes — that portion was his home and under any view of the case the decision made below compelling him to give up the entire property cannot be sustained.

But does it follow that the tenant has the right to

retain all the property? Clear it is that if the tenant did not occupy a portion of the premises for dwelling purposes he would be obliged to surrender the possession of the whole of it to the landlords; and the landlords' right to maintain summary proceedings to recover their property continues as it has existed except in so far as that right is restricted or limited by the recent rent legislation. And as has been noted, that legislation so far as it is applicable to this case affects only premises "occupied for dwelling purposes." There is nothing in these statutes prohibiting a landlord from recovering possession of business property after the expiration of a tenant's term. And no reason has been advanced why the landlords here should not recover the possession of that portion of the property which has been and is being used solely for business purposes, even though another portion of the premises is occupied by the tenant for dwelling purposes, provided the tenant be permitted to continue to use such portion.

But it is said that such a disposition would be making a new contract between the parties. We think not. The tenant's lease having expired it is at an end for all purposes. There is no suggestion that the tenant has a new or additional term arising out of his holding over or continuing in possession after the expiration of the term of the lease. The tenant is not in possession under any agreement with the landlords. He is not a tenant. As has already been stated he is a trespasser unless he is taken out of that category by the September statutes. These statutes really prevent the making of an agreement between a landlord and a tenant for the possession of property to be occupied for dwelling purposes, for no matter what rent may be agreed upon, payment of it cannot be enforced and all the landlord can recover is the

reasonable rental value regardless of any contract obligation undertaken by the tenant. The recent legislation really creates in the cases of those to whom it applies a tenancy by operation of law different from any that had ever theretofore existed or had been recognized. But the tenancy thus created is by the terms of the statutes applicable only to premises occupied for dwelling purposes. So this tenant's lease having expired, the landlords are entitled to the possession of their property with the exception of that portion which the tenant occupies for dwelling purposes and which he has the right to continue to occupy, not under any agreement with the landlords but by virtue of the provisions of the statutes.

In rendering such a decision the court does not make a new contract between the parties. When the lease expired there was no contract existing between them, and none has been made since. The only right of the tenant to remain in the property is that given by the recent legislation and that applies only to the portion occupied for dwelling purposes. The landlords should obtain possession of the store because these statutes do not give the tenant any right to remain therein. Such a decision seems to be required by the statutes and besides is manifestly just. Under the tenant's claim if he occupied any portion of leased premises for dwelling purposes he could continue in possession of the whole of the premises notwithstanding the expiration of his lease, even though the portion so occupied was but a small part of the entire premises. No such right has been given by the legislature, and if it had been given a serious question as to its constitutionality might be presented.

The final order should be affirmed in so far as it awards to the landlord possession of the store and in all other respects reversed and a final order directed

for the tenant dismissing the petition in so far as it affects the room in the rear of the store and the floor above.

KELBY and LAZANSKY, JJ., concur.

Order affirmed.