NATHAN MORGENROTH, as Executor under the Last Will and Testament of JACOB MORGENROTH, Deceased, Appellant, *v.* HARRIS EMERT, Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1922.

**Landlord and tenant — summary proceedings — premises used partly as store and partly as dwelling — recent rent laws do not apply to part of premises used as store.**

Under the recently enacted rent laws a lease of a combined store and dwelling is divisible.

Premises consisting of a store in front and living rooms in the rear occupied by the monthly tenant and his family for dwelling purposes were let as a whole and at a single rental. *Held*, that a final order dismissing on the merits a summary proceeding against the tenant as a holdover will be reversed and a final order awarding possession of the store to the landlord granted.

APPEAL by landlord from a final order of the Municipal Court of the city of New York, borough of Manhattan, sixth district, dismissing a summary proceeding on the merits.

*Cohen, Cole & Weiss* (*David Barr*, of counsel), for appellant.

*Irving G. Warshaw*, for respondent.

GUY, J. The landlord appeals from a final order in favor of tenant and dismissing the landlord's proceeding on the merits.

The tenant occupied the premises under a monthly tenancy. The premises consisted of a store in front and four living rooms with bath in the rear, the living rooms having a separate entrance as well as an entrance into the store.

The living rooms were occupied by tenant's family for dwelling purposes and at times the tenant slept in the store.

The proceeding was brought against the tenant as a holdover, the tenant contending that the provisions of the housing laws protected him in the possession of the entire premises in view of the fact that the letting was a single one at a single and entire rental.

While at common law a lease of a combined store and dwelling was not divisible, the weight of authority is that the contrary is the rule under the recent rent laws. *Rockaway Point Co., Inc.,* v. *Friberg*, 198 App. Div. 923; *Bavendam* v. *Levinson*, 116 Misc. Rep. 135, 137–140; *Kornbluth* v. *Brand*, 117 id. 298; *Bard* v. *Fried*, N. Y. L. J. July 2, 1921.

Final order reversed, with thirty dollars costs, and final order directed awarding to the landlord possession of the store, with costs.

ERLANGER and WASSERVOGEL, JJ., concur.

Order reversed.