DOROTHY ELIZABETH SMITH, Appellant, *v.* MARGARET E. V. JOHNSON and Others, Defendants, Impleaded with KENNETH CHARLES SMITH and Others, Respondents.

First Department, April 21, 1922.

**Wills — action to have expenses incurred by beneficiary in maintaining rights of executor and trustee charged upon funds recovered for estate — mutual wills of husband and wife dying at same time — plaintiff was beneficiary of trust under wife's will — trust established from funds acquired by wife under husband's will — plaintiff established on proceedings for construction of will that wife took under husband's will — same person appointed executor and trustee in both wills — same person appointed special guardian of infants taking under both wills — plaintiff had right to protect estate and was entitled to reimbursement so long as executor's interest was adverse — not entitled to reimbursement after disinterested executor appointed of wife's estate — subsequent representation of infants under wife's will by another guardian did not deprive plaintiff of right — plaintiff's personal interest did not deprive her of right to reimbursement — fact that two of remaindermen received less under wife's will than under husband's did not deprive plaintiff of right to reimbursement — allowance of counsel fees not limited by statute.**

The plaintiff, who was named as the beneficiary of a trust established by the will of a wife, is entitled to have the expenses incurred by her in maintaining the rights of the executor and trustee under the will to legacies of the estate and trust fund under the will of the husband, charged upon the funds recovered for the estate, where it appears that the husband and wife made mutual wills; that the wife had very little property of her own; that the husband's will contained a provision that in case he and his wife should die in a common accident then it was to be presumed that he predeceased his wife; that by the husband's will the wife was given the power of disposal of a certain part of a trust fund, and in case the wife failed to exercise that power a portion of the trust subject to the power should be used as a trust for the benefit of his two daughters; that under the wife's will, while the defendant's two daughters were provided for, their share was not equal to that which they would have received in case the wife had died intestate or in case she had predeceased her husband, and where it appears, further, that the same executor and trustee was named by both the wife and the husband and that the same guardian *ad litem* was appointed for all the children who took under both wills.

Inasmuch as it appeared that the executor represented adverse interests and that the special guardian representing all of the children under both wills represented adverse interests there was no one who could defend the estate of the wife other than the plaintiff, and so it was necessary for the plaintiff, having been made a party to the proceedings for the construction of the will of the husband, to defend the rights of the estate of the wife, and the trusts created by her will, before the surrogate.

While the plaintiff was entitled to be reimbursed for all moneys expended during the time that the wife's estate was not represented by a disinterested person, which time included an appeal to the Appellate Division, she was not entitled to be reimbursed for moneys expended on the appeal to the Court of Appeals, for before that appeal was taken the executor named in the will had resigned and a disinterested executor had been appointed and represented the estate on that appeal.

Although prior to the appeal to the Appellate Division another guardian had been appointed of the infant who took only under the wife's will so that on the

appeal the guardian *ad litem* did not represent adverse interests, still it was right and necessary for the plaintiff to continue to represent the estate of the wife for it was possible for the guardian to settle the litigation on behalf of the infant and abandon the appeal at the last moment and leave the estate of the wife and the litigation thereunder without representation upon appeal.

By reason of the necessity and propriety of the plaintiff acting as she did on the appeal to the Appellate Division, the court may impress the fund which was obtained in part, at least, by such participation, any reasonable expense which she might have incurred therein, and it is immaterial whether her attorney performed the most of the labor or whether the burden fell upon the special guardian, as long as the sum found may be deemed to be a reasonable compensation for the moneys expended by her therefor.

The personal interest of the plaintiff to establish her rights under the will should not deprive her of her equitable claim for reimbursement of the expenses of that litigation since she acted by necessity for the lack of a disinterested trustee, and furthermore, it would not be equitable to require the plaintiff, who was a life beneficiary under the wife's will, to pay from the proceeds of her income from that estate for the defense in behalf of the estate of the wife made necessary under the situation as it existed in the Surrogate's Court and in the Appellate Division.

The fact that the two daughters of the husband did not desire to have his will construed so as to benefit the estate of the wife, as they would have received more under the will of the husband than under the will of the wife, does not deprive the plaintiff of her equity to reimbursement for money expended in the defense of the estate of the wife.

Allowance to be made by the plaintiff for moneys necessarily expended in defending the estate is not limited by the statute.

CLARKE, P. J., dissents in part.

APPEAL by the plaintiff, Dorothy Elizabeth Smith, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 3d day of May, 1921, upon the decision of the court rendered after a trial at the New York Special Term.

*Duer, Strong & Whitehead* [*Selden Bacon* of counsel], for the appellant.

*Alfred Hayes* of counsel, for the respondents Gladys Mary Baylies and others.

*Fitch & Grant* [*Ashbel P. Fitch* of counsel], for the respondents M. F. S. Browne and another, infants.

*Stanchfield & Levy* [*J. Arthur Leve* of counsel; *William M. Parke* with him on the brief], for the respondent Gertrude Frances Browne.

*Alfred H. Townley* of counsel, for the respondent Kenneth Charles Smith, an infant.

*Stewart & Shearer* [*M'Cready Sykes* of counsel; *William A. W. Stewart* with him on the brief], for the respondent United States Trust Company of New York, as administrator of Frances May Fowles, deceased.

SMITH, J.:

The action was brought to have the expenses incurred by the plaintiff in maintaining the rights of the executor and trustee under the will of Frances May Fowles to legacies to that estate and trust fund under the will of Charles Frederick Fowles, charged upon the funds recovered for the estate, which amounts to about $300,000, the recovery of all of which was, she maintains, due to her efforts.

Charles Fowles and Frances Fowles were husband and wife. She had a little property of the value only of about $2,500. His estate amounted to upwards of $1,000,000. They both left wills. The will of Charles Fowles, after giving certain legacies, gave to his wife, Frances Fowles, $5,000. To his daughter Gertrude Browne, $5,000, and to his daughter Gladys Mary Baylies, $5,000, and to the sister of his wife, this plaintiff, $5,000. To his wife, Frances Fowles, he gave the real property and buildings erected thereon, known as " Fairmile Court," situated in Cobham, county of Surrey, England, provided, however, that his said wife should elect to take the same on the basis of a valuation of £8,250, which sum should be charged against her share of his residuary estate, as thereinafter provided. He gave to Frances Fowles the personal property in connection with that estate. He further gave to his executors the full power of sale. In the 8th provision of his will he provided that all the rest and residue of his estate, both real and personal, should be divided into three parts, the first part of which should consist of forty-five per cent thereof, and the other two parts or portions of which should each consist of twenty-seven and one-half per cent thereof. The first portion, consisting of forty-five per cent, he gave and bequeathed to the trustees thereafter named for the use and benefit of his wife, Frances May Fowles, to hold and invest the same, to collect and receive any and all the income, interest and increment due thereon, and pay over to his said wife semi-annually during her life. Upon her death the trust should cease, and the funds should be distributed as follows: One-half thereof was to be paid pursuant to the provisions of such last will and testament " as my said wife may leave (hereby conferring upon my said wife the power to dispose of the said one-half by last will and testament duly executed by her), and in the event that my said wife should fail to make testamentary disposition of the said one-half thereof, the same to divide into two equal portions and such two equal portions to pay over pursuant to the provisions of sub-divisions ' B ' and ' C ' of this article of this my will, one such portion passing under said subdivision ' B ' and one such portion passing under said subdivision ' C.' " And, further, one-quarter thereof was to pass " pursuant to the provisions of the subdivision ' B,' of

this article," and another " one-quarter * * * pursuant to the provisions of the subdivision ' C ' of this article." Under subdivision " B " he provides that the second part or portion of his residuary estate, consisting of twenty-seven and one-half per cent thereof, and the additions thereto, as thereinbefore provided, should be given to the trustees for the use and benefit of his daughter Gertrude Browne during her life, and upon her death to her children. Under subdivision " C " he provides that the third portion of his residuary estate, consisting of twenty-seven and one-half per cent thereof, shall go to his trustees for the benefit of Gladys Mary Baylies for her life and the remainder to her children.

The 9th provision of the will reads as follows: " In the event that my said wife and myself should die simultaneously or under such circumstances as to render it impossible or difficult to determine who predeceased the other, I hereby declare it to be my will that it shall be deemed that I shall have predeceased my said wife, and that this my will and any and all its provisions shall be construed on the assumption and basis that I shall have predeceased my said wife." He then nominated as the executors of his will, his wife, Frances Fowles, and Stevenson Scott, and as trustees under his will he nominated the same persons, together with the Columbia Trust Company.

The will contained other provisions which are not material to the question here raised.

The will of Frances May Fowles, executed upon the same day, gave three legacies of £500 each to Margaret E. V. Johnson, Florence M. D. Taylor and Lillian E. Minett. The rest and residue of her estate, including any and all property as to which she might have the power of disposition by will by virtue of the provisions of the last will and testament of her husband, Charles Frederick Fowles, she gave and bequeathed to her trustees thereinafter named for the use and benefit of her sister, Dorothy Elizabeth Smith, this plaintiff, for life, and at her death one-third thereof was to pass to Kenneth Charles Smith, the son of said Dorothy Elizabeth Smith, or if he should not then be living, in equal shares to the issue of said Kenneth Charles Smith, one-third thereof to Gertrude· Frances Browne, and the other third to Gladys Mary Baylies, or their issue, in case they should not be living. This will contained the same power of sale, and her husband, Charles Fowles, and Stevenson Scott were nominated as executors and trustees thereof. After the death of Charles Fowles and Frances Fowles their several wills were probated, and Stevenson Scott and the Columbia Trust Company became the trustees under the will of Charles Fowles and Stevenson Scott became trustee under the will of Frances Fowles.

The question then arose as to the construction of the will of Charles Fowles. It was contended on the one hand that, as both parties died presumptively at the same time, Frances Fowles did not survive Charles Fowles, and, therefore, no property whatever passed to her under his will. On the other hand, it was contended that, inasmuch as he had provided that, in case of their death by common accident, Charles Fowles should have been presumed to have died before his wife died, under that provision the property in the will in behalf of his wife passed to her executors and trustees under her will. The trustees of the will of Charles Fowles thereupon commenced a proceeding in the Surrogate's Court for the construction of the will. There were then three groups of infants: one, the child of this plaintiff, who was entitled to a residuum under the trust created by the will of Frances Fowles; one, the children of Gertrude Browne, a child of Fowles by a former marriage; and the third group, the children of Gladys Baylies, another daughter of Charles Fowles by a prior marriage. In that proceeding A. Perry Osborn, an attorney, was appointed a special guardian for all five of the infants.

Upon this application for the construction of the will, therefore, Stevenson Scott represented both estates, the estate of Charles Fowles and the estate of Frances Fowles. These interests were conflicting interests, and in the application to the surrogate he stated the facts and the claims of all parties, recognized that they were conflicting and stated that, in his opinion, nothing passed under the will of Frances Fowles or her estate. Osborn was the guardian *ad litem* of the five children. Of these five children, Kenneth Smith was interested to establish the fact that the property passed to Frances Fowles' estate, and the children of Gertrude Browne and Gladys Baylies had adverse interests, because under the alternative provision under the will of Charles Fowles, if nothing passed to the estate of Frances Fowles, it would all go to their parents for life with remainder to themselves. This interest was, of course, greater than the interest they would have if it were held that the estate passed to Frances Fowles to be disposed of under her will, and, therefore, the interests of these children were directly in conflict. There was, therefore, at that time no person to represent the estate of Frances Fowles and the trusts thereby created. As before said, Stevenson Scott represented interests adverse to that estate as the executor and trustee of the estate of Charles Fowles. Osborn, the guardian, represented the interests of the children of Gertrude Browne and Gladys Baylies, which were adverse to the interests of Kenneth Smith. It was, therefore, entirely proper, if not necessary, to protect the estate of Frances

Fowles, that some person without an adverse interest should represent that estate. The three other legatees under the will of Frances Fowles had small legacies only and could not afford to assume the litigation, and there was no one to defend the estate of Frances Fowles and the trust created thereby, except this plaintiff. If Stevenson Scott had not represented both estates, and if the Frances Fowles estate had been represented by a separate trustee and executor, it is clear that it would have been the duty of that separate trustee and executor to defend that estate and to insist upon the rights of the *cestui que trust* under the trust therein created. If he had done so, the expenses of that litigation would clearly be payable out of the estate of Frances Fowles and out of the corpus of the trust fund. This plaintiff might have proceeded to have had a new trustee appointed, but the proceedings in the Surrogate's Court had already been commenced by the filing of the petition of the executors and trustees of Charles Fowles' estate. Whether she would have been successful in having another trustee appointed is a matter of some doubt. There is no question here but that Stevenson Scott acted conscientiously and in good faith, and the surrogate might well have said upon such an application that this plaintiff herself should go in and make that defense as representing the trustee; and, even if application had been made, there was probably little chance for the removal of Stevenson Scott as executor and trustee under Frances Fowles' will. There is no likelihood that that application could have been determined in time, so that the estate of Frances Fowles would have been properly represented in the proceeding brought for the construction of the will of Charles Fowles. In order, therefore, that the estate of Frances Fowles and the trusts under her will might be defended as every *cestui que trust* had the right to insist that it should be, it was necessary for this plaintiff, having been made a party to this proceeding for the construction of the will of Charles Fowles, to defend the rights of the estate of Frances Fowles and the trusts created by her will before the surrogate; and this she did successfully, and the surrogate held that the property passed to Frances Fowles' estate under the will of Charles Fowles, notwithstanding the presumed simultaneous death, by reason of the 9th provision of the will of Charles Fowles, above quoted. (See *Matter of Fowles*, 95 Misc. Rep. 48.) After the oral argument before the surrogate upon the application, Osborn saw that he was representing conflicting interests, and, therefore, asked to be relieved as the special guardian of Kenneth Smith, and he was so relieved, and Egerton L. Winthrop was appointed special guardian for Kenneth Smith in his place. Thereupon Mr. Winthrop undertook the administration of the trust

in behalf of the infant he represented, and, together with this plaintiff, they argued the appeal in the Appellate Division, where the judgment of the surrogate was reversed and it was held that the estate of Frances Fowles took nothing under the will of Charles Fowles because of her presumed simultaneous death. (*Matter of Fowles*, 176 App. Div. 637.) Thereafter Stevenson Scott resigned as executor and trustee of the will of Frances Fowles, and the United States Trust Company was appointed administrator with the will annexed and trustee in his place, and in the Court of Appeals briefs were filed by Winthrop as special guardian of Kenneth Smith, and by Mr. Bacon as the attorney for this plaintiff and also the attorney for the United States Trust Company, which was then the trustee of the estate of Frances Fowles.

The Special Term has found that the services in the Surrogate's Court were reasonably worth the sum of $6,000, and upon appeal to the Appellate Division the sum of $6,000, and upon appeal to the Court of Appeals the sum of $10,000. Special counsel was employed in the Court of Appeals to argue the case in behalf of those representing the estate of Frances Fowles. In the Court of Appeals the decision of the Appellate Division was reversed and the decision of the surrogate affirmed (*Matter of Fowles*, 222 N. Y. 222), and under that decision the estate of Frances Fowles became possessed of nearly $300,000, and it is from this fund that this plaintiff seeks reimbursement for all the expenses to which she has been subjected in the proceedings in the Surrogate's Court, in the Appellate Division and in the Court of Appeals.

I have said that it was necessary for this plaintiff to represent the estate of Frances Fowles before the surrogate, by reason of the adverse interests, both of Scott as executor and as trustee, and of the special guardian as representing all five of the infants. Clearly the same necessity did not exist in the Court of Appeals, because there Stevenson Scott was no longer the representative of the estate of Frances Fowles or of the trust created thereby; but he had resigned and the United States Trust Company had been appointed in his place and was there representing the estate. Without proof that the United States Trust Company refused to protect that estate, there was no necessity shown for this plaintiff to continue in that litigation. She had been made a party to the proceeding and had the right to continue in the litigation; but in the litigation in the Court of Appeals, where the estate was competently represented both by the United States Trust Company and by Winthrop as special guardian of the infants, the necessity for such continuance had ceased, and her

appearance in the Court of Appeals was simply to protect her own interest and not necessary to protect the estate of Frances Fowles or the trusts thereby created. Mr. Bacon had been employed by the United States Trust Company to defend the interest of that estate. For whatever reasonable sum the United States Trust Company would have to pay to him to defend that interest, it may present its claim for reimbursement from this estate.

In the Appellate Division another question is presented. Scott was still the trustee of both estates with adverse interests, but Kenneth Smith was represented by Winthrop, who is, concededly, a competent man to represent his interests. The presumption is that the interests of Kenneth Smith would have been competently defended, and that defense, if successful, would *ipso facto* have inured to the benefit of the estate of Frances Fowles and of all the *cestui que trust* under the will of Frances Fowles. But Winthrop represented only the estate of Kenneth Smith, one of the beneficiaries under the will of Frances Fowles. He did not represent the specific legatees, nor the interest of Mrs. Smith, the life tenant under the will of Frances Fowles. If he could have settled that litigation by payment to him for a sum which would amply indemnify the infant which he represented, he would no longer have had any interest or right to continue the appeal in the Appellate Division, and that appeal would have been abandoned by him at the last moment, and the estate of Frances Fowles and of these legatees would then have been unrepresented. This contingency might properly have been considered by this appellant in the continuance of her efforts to obtain for herself and for the other legatees under the will the benefits thereof and to have those interests safeguarded. In my judgment the court would have directed her so to act, and her participation in the appeal to the Appellate Division was, therefore, proper and necessary to the full protection of the rights of the estate of Frances Fowles and all parties interested under her will. By reason of the necessity and propriety of her so acting, the court may now impress upon the fund which was obtained, in part at least, by such participation, any reasonable expense which she might have incurred therein. With the propriety and necessity of her participation in that appeal, it is immaterial whether her attorney took the laboring oar, or whether the same was taken by the special guardian of the infant, as long, only, as the sum found may be deemed to be a reasonable compensation for the moneys expended by her therefor. The special guardian claims no part of this fund, but I interpret the finding of the court to the effect that the reasonable reimbursement to her attorney was the sum

of $6,000, as found to be a reasonable compensation for the work of her attorney in her behalf.

No case is cited which presents this precise situation. If the estate of Frances Fowles had been represented by a different executor and trustee from the one representing the estate of Charles Fowles, it would, as above stated, have been his clear duty to have defended the claim of the estate of Frances Fowles. For that defense he would have been entitled to his expenses from the fund which he secured from the estate. The right of a third party, having a personal interest in the estate or trust, to act as *quasi* trustee in behalf of the estate arises only from the necessity of the situation, and that necessity may be created by the absence of any trustee who can act impartially for the estate as well as by the refusal of the trustee to act for the estate. The expense to the estate was presumably no greater by reason of the defense conducted by this plaintiff than by reason of a defense conducted by some trustee under duty to act. The personal interest of the plaintiff to establish her rights in no way should deprive her of her equitable claim for reimbursement of the expenses of that litigation where she acted by necessity for the lack of a disinterested trustee. The plaintiff was given a life estate in the trust fund created under the will of Frances Fowles. That life estate may be more or less valuable, according to the number of years she might live. It would be inequitable that she should be required to pay from the proceeds of that life estate for her defense in behalf of the Frances Fowles estate made necessary under the situation as it existed in the Surrogate's Court and in the Appellate Division, where her contest was not only in her own interest, but in the interest of the entire estate, in which she was successful in obtaining the fund from which this reimbursement for expenses is here asked. This is not a case where the plaintiff was acting only in her own behalf, but her success necessarily inured to the benefit of all of those interested in this fund from which she asks reimbursement. If a trustee, competent to protect the estate, willfully refused to act and the plaintiff had undertaken the burden of the defense of this estate, it would hardly be questioned that plaintiff would be entitled to her reimbursement for her expenses in the contest which she had successfully made. In the case at bar her equitable right to such reimbursement is not less potent than if she had been compelled to act through the refusal of a trustee, if one had existed, to act for the estate and incidentally for her.

It is further urged that the children of Gertrude Browne and Gladys Baylies are being asked to contribute to the expenses of a contest which they did not desire, as they would receive more under

the will of Charles Fowles than under the will of Frances Fowles. But this is a mere incident in the situation. If these children of Charles Fowles had not been named under the will of Frances Fowles as parties to whom the trust fund should eventually in part pass, this objection could not here be raised to the plaintiff's reimbursement from this fund. That they were named, however, as remaindermen of the trust created by Frances Fowles through her generosity to them, clearly does not deprive this plaintiff of her equity to reimbursement in the defense of the estate of Frances Fowles. That equity clearly should not be defeated by reason of the generosity of Frances Fowles in giving them an ultimate right in the estate. (*Matter of Stearns Salt & Lumber Co.,* 225 Fed. Rep. 1; *Woodruff* v. *N. Y., L. E. & W. R. R. Co.,* 129 N. Y. 27; *Trustees* v. *Greenough,* 105 U. S. 527; *Schoenherr* v. *Van Meter,* 215 N. Y. 548; *Strong* v. *Dutcher,* 186 App. Div. 307.)

It is further claimed that, under the provisions of the Code, the allowances in this and the surrogate's proceeding are limited by statute. If the Frances Fowles estate had at all times been represented by a trustee with no adverse interests, the expenses of the trustee in the employment of counsel in properly defending that estate would be ordered paid from the funds which he has created by reason of his energies. Inasmuch, therefore, as this application is for an allowance from the estate of Frances Fowles, for services to such estate, the statutory limitations do not apply. (See *Downing* v. *Marshall,* 37 N. Y. 388; *Wetmore* v. *Parker,* 52 id. 450.)

It follows, therefore, that to the extent of $12,000, the expenses in the Surrogate's Court and in the Appellate Division, the plaintiff is entitled to have these moneys paid to her, acting as stated in some cases as *quasi* trustee, by reason of the necessity of her acting to protect the estate in the absence of any trustee who could impartially take upon himself that burden.

The judgment should, therefore, be reversed and judgment as indicated should be directed for plaintiff, with costs in this court and in the Special Term.

LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

CLARKE, P. J.:

I concur as to amount allowed for counsel fees, etc., in the Surrogate's Court only.

Judgment reversed, with costs, and judgment directed for plaintiff as indicated in opinion, with costs. Settle order on notice.