DAVIS SALES COMPANY, Landlord, *v.* FRED DOELL, Tenant.

Municipal Court of the City of Syracuse, August 11, 1944.

*Nathan Blitman* for landlord.

*John Tomaney* for tenant.

McCLUSKY, J. This is a summary proceeding brought under paragraph (4) of subdivision (a) of section 6 of the Rent Regulation for Housing (8 Fed. Reg. 14663, 14667).* On November 18, 1941, the tenant and the landlord's predecessor in title entered into a written lease of apartment 42 in the Alabama Apartments, Syracuse, New York. Occupancy under this lease began December 1, 1941, and ended November 20, 1942. This lease contained a clause that the term shall end as stated but in case the tenant holds over after the expiration of the stipulated term, the new tenancy was to be one from month to month, unless otherwise agreed in writing. No new writing was ever signed. The tenant continued in physical possession of the apartment until August, 1943, when he sublet the premises furnished to Mrs. Groves and her daughter. His furniture remained in the premises and the subtenant paid $57.50 per month and he paid the landlord. On June 23, 1944, a notice in writing executed by the landlord requiring possession of the apartment because of his failure to occupy the premises for his own use was served by registered mail, addressed to the tenant at No. 637 James Street, Syracuse, New York. There is no evidence that his wife told him such a notice had been received. On or about July 28th Mrs. Groves moved and the tenant moved in. He was physically in possession on or before July 31, 1944.

Two questions are raised. (1) That paragraph (4) of subdivision (a) of section 6 does not apply to the facts and (2) that there is no proof of proper service of notice to terminate the tenancy.

What is the meaning of the regulation mentioned? Obviously a lease may be terminated by passage of time. Likewise a lease may be terminated by a foreclosure or by bankruptcy or by surrender by the tenant. No attempt is made to list all the methods but the instances cited illustrate some of the methods of termination. The original occupancy in this case was by a

---

* Providing that so long as a tenant continues to pay the rent to which the landlord is entitled he shall not be removed unless " The tenant's lease or other rental agreement has expired or otherwise terminated, and at the time of termination the occupants of the housing accommodations are subtenants or other persons who occupied under a rental agreement with the tenant, and no part of the accommodations is used by the tenant as his own dwelling ". — [REP.

written lease for a year. It was phrased in such a way as not to be self-renewing and so as not to be renewed by operation of law. This means that the tenant occupied under a month-to-month rental. In the case at bar the tenant actually dwelt in the apartment before the first of August. It was used by the tenant as his own dwelling. Therefore, the two conditions requisite for the operation of the section do not obtain.

Proceedings dismissed, with costs to tenant.