SYRACUSE SAVINGS BANK, Landlord, v. MICHAEL D'ELIA, Tenant, and CHESTER W. HOISINGTON et al., Subtenants.

Municipal Court of the City of Syracuse, August 7, 1945.

*Richard Buechler* for landlord.

*Henry D. Costello* for tenant.

*Harold Devorsetz* for subtenants.

McCLUSKY, J. This is a summary proceeding brought under paragraph (4) of subdivision (a) of section 6 of the Rent Regulation for Housing (8 Fed. Reg. 14663, 14667).

It appears that the tenant D'Elia rented property at 644 South Warren Street, Syracuse, in June, 1942, owned by the

landlord. He rented it from one Curtis who was the landlord's janitor and paid him the rent until February, 1943. From February, 1943, until July, 1945, he paid the rent to the bank's rental agent. Originally he used the front room as a barber shop. But in February, 1943, he arranged with Mr. Curtis to sublet part of the place with his furniture in it for D'Elia. The premises have been sublet since then by D'Elia, retaining one room for his use and occupancy and he still occupies the premises in that manner.

It is claimed that the landlord served a notice in writing in June, 1945, terminating the tenancy on the grounds set forth in paragraph (4) of subdivision (a) of section 6 of the Regulation.

The court finds that there was no agreement between landlord and tenant D'Elia against subletting. The law of this State seems to be that the tenant is entitled to the use of the demised premises in the same manner as the owner might have done, except that he must do no act to injure the premises. He can assign the lease, sublet all or part or underlet. (*Presby* v. *Benjamin*, 169 N. Y. 377.) Accordingly D'Elia had the right to sublet. Even if there were a covenant against it, the course of conduct of the landlord in accepting rent from him with full knowledge of the alleged violation constituted a waiver by the landlord.

The tenant has retained use of one room and so far as the evidence goes uses it as a dwelling part of the time. One of the essential elements of the landlord's cause of action, therefore, has not been established. It may not be necessary in the light of this to consider whether or not, under the regulation referred to, the tenant's lease or rental agreement had expired at the time the notice upon which this proceeding is based was served but the frequency with which the question is being raised in proceedings before this court warrants giving the question some consideration.

There are two instances in which subtenants are mentioned in the rent regulation. Subtenants are exempted from the protection of paragraph (1) of subdivision (a) of section 6 (8 Fed. Reg. 14667) by the provisions of subdivision (c) of section 6 (8 Fed. Reg. 14668). The provisions of paragraph (4) of subdivision (a) of section 6 relate to the removal of subtenants on expiration of tenancy. It provides for the contingency arising where the tenant's lease or rental agreement has expired or otherwise terminated and the subtenants are holding over. We have held previously in *Davis Sales Co.* v.

*Doell* (185 Misc. 926) that the agreement must be terminated. It may be terminated in a variety of ways, but certainly not by assuming as a basis of termination that it has been terminated. The section in question relates only to removal of subtenants where the tenant is no longer in occupancy and after termination of the tenant's lease or rental agreement. Proceedings dismissed, with costs to tenant and subtenants.