300 WEST 56TH ST. CORP., Respondent, *v.* BLANCHE EVAN, Appellant.

First Department, October 11, 1955.

*George Popkin* for appellant.

*Harvey L. Levine* of counsel (*Irving Mandell,* attorney), for respondent.

*Per Curiam.*   The landlord, after trial in the Municipal Court, has obtained a final order of eviction, affirmed in the Appellate Term, to remove the tenant from one of three business spaces

occupied by her in the same building, as a statutory tenant under two separate and expired leases.

The tenant does not reside in the premises in which she operates a dancing studio. One of the spaces is used as an office, one as a dressing room and the largest of the spaces is used for a dancing room. The spaces are adjacent but not connected. The landlord seeks to evict her from the dancing room. It intends to convert the space into a residence for a resident superintendent, as required by section 83 of the Multiple Dwelling Law. The requirement arises because a portion of the building is occupied by residential tenants and is classified as a multiple dwelling. The reason that additional space had been demised by a separate lease, also now expired, is because the tenant's business expanded during the years since she first occupied space in the building. Despite the fact of separate leases, rent has been billed and collected as a single sum for the three spaces. The business is an integrated one and the predecessor and present landlord, as well as the tenant, have heretofore so treated the spaces in question. Under these circumstances it is our view that to remove the tenant from the dancing room alone would constitute a partial eviction not permitted by law. (*Morse & Grossman* v. *Acker & Co.,* 297 N. Y. 304; *Washington Refrig. Corp.* v. *Benhermax Corp.,* 285 App. Div. 732.) The landlord could have sought to evict the tenant from all her space if it were necessary to convert the space into a residence for a superintendent, but it may not with respect to an integrated business, so recognized by it and its predecessor landlord, seriously impair or destroy such business by partial eviction. The fact of separate leases is some evidence of separateness of use, but it is not conclusive on the issue whether the spaces are used in an integrated business.

Accordingly, the final order in favor of landlord should be reversed and the petition dismissed, without costs of this appeal to either party.

PECK, P. J., BREITEL, BASTOW, RABIN and COX, JJ., concur.

Determination of the Appellate Term and the final order of the Municipal Court unanimously reversed and the petition dismissed, without costs to either party. [See *post,* p. 1090.]