Steuer, J.
Respondent, tenant, occupied five contiguous rooms as Ms law office in landlord’s building pursuant to a three-year lease expiring April 30,1955. Two of the rooms were occupied by the tenant prior to 1952, the date of the lease. The *131 other three rooms were decontrolled. The rooms were the usual office building rooms, each one having its own entrance to the corridor, and being separated from the others by partitions. Upon the making of the lease certain of these partitions were cut through so interior access was provided. Of the three additional rooms, one was fitted out and used as a library and two were sublet to an accountant and another lawyer. To a degree the premises were used in common by the tenant and his subtenants.
At the expiration of the lease the parties were unable to agree on a rental and this action is to dispossess the tenant from the three decontrolled rooms. The Municipal Court found that the space rented constituted a single unit and that a dispossess from the decontrolled space amounted to a dispossess from the entire space and that the latter was not warranted by the emergency rent laws and hence gave a final order in favor of the tenant.
The court below relied upon the holding that an eviction for the purpose of the landlord’s own use is not permissible where the landlord seeks to obtain only a portion of the demised premises (Morse & Grossman, Inc., v. Acker & Co., 297 N. Y. 304). We agree that the situations are to an extent analogous and that the same rule should apply where the demised premises constitute a single unit. We do not believe that these five rooms come within that classification. In reaching the opposite conclusion, the learned court below relied chiefly on the use to which the tenant put the premises and concluded that the entire space demised was essential to the conduct of the tenant’s law practice. This is an arguable proposition though the fact that two of the rooms were sublet mitigates heavily against it. But regardless of the merits of the finding we believe it is the physical nature of the demised space, rather than the use or manner of operation of the tenant, that controls.
Here each of the rooms constituted a complete rentable unit in itself. The mere fact that a single instrument of lease was used for the demise of all five does not alter this fact. Nor do the temporary changes in interior arrangement affect it. These latter were done by the landlord as agent for the tenant and at the tenant’s expense. The important part about them is that they can be readily restored to their original arrangement without structural or material change to the building or the demised space.
It follows that no situation was created in the demised space which so changed its character as to constitute a single unit *132 out of what had been five distinct units. And the three units did not become controlled by accretion.
The final order should be reversed, with $30 costs, and final order directed for landlord as prayed for in petition, with costs.