Hofstadter, J. (dissenting).
The lease of April 3, 1952, for the two rooms theretofore occupied by the tenant and the additional three rooms then vacant, created a single unit of space to be used as a law office. Substantial alterations, including the tearing down and erection of walls, were made at the tenant’s expense to fit this space to the tenant’s needs. A library with wall units extending from the floor to the ceiling was part of the alteration so made. The trial court found as a fact that the entire space is being used by the tenant as one law office and that all the rooms are closely connected with this use, and concluded that the space constitutes one unit. The record supports this finding which I adopt.
It is clear that, but for the claim that the three additional rooms now integrated into the present unit of five rooms were vacant when leased in 1952 and hence not then subject to control, the tenant, as a statutory tenant would have the right to resist eviction from part of the premises (Morse & Grossman, Inc., v. Acker & Co., 297 N. Y. 304; Washington Refrig. Corp. v. Benhermax Corp., 285 App. Div. 732, 738; 300 West 56th St. Corp. v. Evan, 286 App. Div. 489, affd. 1 N Y 2d 791).
In my opinion the finding that the five rooms now form a single unit must lead to the dismissal of the petition. Were the landlord permitted to evict the tenant from the three additional rooms the necessary result would be to evict him from the two rooms subject to rent control as well. The library, essential to his law office, would have to be eliminated and the space as a whole be radically curtailed. When the tenant entered into the 1952 lease he did not relinquish the controlled character of his original space. The lease did not provide for the surrender of this right under the emergency rent laws; it is, moreover, doubtful whether such a provision could be upheld for the law declares that the waiver of any of its provisions “ shall be unenforceable and void” (Business Rent Law [L. 1945, ch. 314, as amd.], § 12). Since the original space thus remained subject to control, it follows that the landlord, by combining this space with other space into an integrated unit must be deemed to have consented that the tenant’s possession of the unit received the same protection which the original space had enjoyed. Unless the tenant is given this protection *133 he will, as already shown, be evicted from the controlled space. Such a result would defeat the purpose of the emergency legislation. I, therefore, dissent.
Tilzeb, J., concurs in result with Steueb, J.; Hoestadteb, J., dissents in opinion.
Final order reversed, etc.