George Starke, J.
For many years prior to October 21, 1954, the tenant occupied approximately 1,500 square feet in the General Motors Building as an office for the conduct of his account *1013 ancy practice. Concededly he was a statutory tenant. On that date, the landlord and the tenant entered into a lease for three years and one month to commence on December 1, 1954, covering the space theretofore occupied by the tenant, plus an additional 500 square feet of space about to be vacated by another tenant. The tenant made substantial alterations with the knowledge and approval of the landlord and, in fact, the landlord’s superintendent actually made the partition changes. The tenant’s proof showed a total expenditure of almost $11,000, and enlargement of his staff by employing five additional persons.
At the expiration of the lease, the landlord brought this holdover summary proceedings to evict the tenant from the additional space only. The landlord’s contention is that since the tenant was not in occupancy of such additional space at the time of the execution of the lease, such space is decontrolled under section 12 of the Business Rent Law (L. 1945, ch. 314, as amd.). The tenant resists eviction on the ground that the additional space has been physically and completely integrated with the larger space theretofore occupied by him and which is subject to control; that the lease of the entire space was made to him as part of a settlement of a larger transaction involving a pending rent fixation proceeding and the relocation of two other tenants; and, finally, to permit his eviction from this portion only of his office would completely disrupt the business which he conducts on the premises and would make it so uneconomical and inefficient that he would be compelled to vacate the entire premises and seek other quarters.
The court finds that the tenant has fairly sustained his factual claim and agrees with his contention that to permit this eviction from the additional space would result in a catastrophe to him. While it is true that such additional space standing by itself would be decontrolled by reason of its vacancy at the time of execution of the lease to this tenant after March 31,1950, nevertheless, the proof sustains the tenant’s contention that it has now been integrated with a larger controlled space and that to permit division would be highly inequitable. It has always been the common law that a landlord could not dispossess his tenant of a part only of his premises held under a single tenancy. (Morgenroth v. Emert, 118 Misc. 260.) The present emergency rent laws have not changed the common law and divisibility is still not permitted. (Morse & Grossman v. Acher & Co., 297 N. Y. 304.) The Appellate Division in this department has gone so far in denying divisibility as to protect a tenant in possession of several spaces, even though originally under separate lease *1014 and not contiguous, where the spaces have been integrated into a single use with the knowledge and consent of the landlord. (300 West 56th St. Corp. v. Evan, 286 App. Div. 489, affd. 1 N Y 2d 791.) And a like result was achieved inW ashing ton Refrigeration Corp. v. Benhermax Corp. (285 App. Div. 732).
This court is well aware of the fact that in Lincoln Building Associates v. Zinbarg (10 Misc 2d 130), the Appellate Term in this department (with one Justice dissenting and another concurring only in the result) permitted divisibility between controlled and decontrolled space covered by an expired single lease. That case, however, is readily distinguishable. There the additional vacant space was sublet by the tenant rather than used personally. Furthermore, it consisted of separate rentable units and the physical alterations were temporary changes of the interior arrangement, easily restorable to their original condition without structural or material change. Here, the alterations and changes were indeed extensive at a cost, as indicated before, of nearly $11,000. By no stretch of the imagination can this expenditure be called a temporary change. The tenant is in full use of the entire space and would not have incurred this huge expense on a temporary basis. If the landlord intended to prevent the amalgamation of the additional space into a single unit it could easily have so provided in the lease it drew. Not having done so, and having encouraged and permitted the integration of the additional space into one unit, the landlord may not now be permitted to split the unit that the landlord then sought and did create. It would be most inequitable to permit the landlord, in this instance and on the facts represented here, to accomplish a result not intended when the parties made their arrangement in 1954.
Accordingly, this court finds that the space rented by the lease dated October 21,1954 constitutes a single unit and changed the character of the entire demised premises to the extent that an eviction from a portion thereof only is wholly unwarranted.
Final order for the tenant.