In the Matter of the Accounting of ADRIAN R. ALLAN, JR., et al., as Executors of ADRIAN R. ALLAN, Deceased. In the Matter of the Estate of ADRIAN R. ALLAN, Deceased. IRVING TRUST COMPANY, as Executor of HELEN H. ALLAN, Deceased, Respondent-Appellant; ADRIAN R. ALLAN, JR., et al., as Executors of ADRIAN R. ALLAN, Deceased, Appellants-Respondents; VIRGINIA A. CARTER et al., Respondents.

First Department, April 10, 1958.

*John F. Le Viness* of counsel (*Elting H. Smith* with him on the brief; *Pell, Butler, Hatch, Curtis & Le Viness* and *Gifford, Woody, Carter & Hays*, attorneys), for respondent-appellant.

*Stewart Maurice* of counsel (*Robert Brooks White* with him on the brief; *Maurice, McNamee & White*, attorneys), for appellants-respondents.

*Charles H. Birdsall* of counsel for Virginia A. Carter, respondent.

*Edward Edelman* of counsel (*David M. Berger* with him on the brief), special guardian for infants, respondent.

*Harold Obstler* of counsel (*Sherman & Goldring*, attorneys), for Alice W. Allan, respondent.

*Per Curiam.* Involved in this appeal by the widow's executor is the question whether, having once filed a notice of election to take against her spouse's will, the widow was thereby irrevocably bound, or whether she might thereafter revoke her election, even though the time for making an election had expired under the statute. By cross appeal, the petitioning executors raise the issue of the legal sufficiency of a claim by one of the legatees for reimbursement for services allegedly rendered for the benefit of all the beneficiaries.

Section 18 of the Decedent Estate Law is silent, not only on how and when a notice of election may be revoked, but even as to whether it can be revoked at all. Nor has there been found any indication in the legislative history of section 18, or its several amendments, that the Legislature or the Decedent Estate Commission, which sponsored much of this legislation, ever considered in any way the problem of revocation of a notice of election (Combined Reports of Decedent Estate Commission [1928-1933] [Reprint ed. 1935]).

However, Surrogate WINGATE, a member of the Decedent Estate Commission, writing shortly after section 18 was enacted, expressed the view by way of considered and deliberate dicta that an election, once validly made, is generally irrevocable (*Matter of Zweig*, 145 Misc. 839, 857). The numerous out-of-State decisions there cited do not, unfortunately, involve a statute similar to section 18. Rather they involve statutory elections to take against the will entirely, as compared with section 18 which merely entitles the surviving spouse generally to

take the difference between the testate disposition, if any, and the intestate share.

In the absence of any limitation in the present statute, and in the further absence of prejudice, or objection by anyone interested in the husband's estate, except the executor of the widow who had elected and then revoked, there seems no good reason not to give the revocation full force and effect. (Cf. *Matter of Tourneau,* 4 Misc 2d 941.) Since the widow clearly could have assigned or donated her elective increment to her husband's estate for distribution to the same beneficiaries, there seems little to be gained by denying her the right to do in one step what she could have accomplished in two. Quite different would be the situation if anyone interested in the main estate objected or could show prejudice. The widow's estate is, of course, in no position to object because its decedent surrendered an interest that she had, if in fact she had the capacity and voluntarily did so surrender her interest. Of course, it would seem to be the better and safer practice to apply to the court for leave to revoke the election.

The claim against the estate for $24,000 for services allegedly rendered and expenses incurred by one of the beneficiaries for the benefit of all the beneficiaries is allowable, provided the claimant, Virginia A. Carter, can allege and prove that she proceeded to act only after unsuccessfully complaining to the executors and allowing them a reasonable time to remedy their neglect (cf. *Matter of Ziegler,* 170 Misc. 748, 750), or that she proceeded to act only after it became apparent that it would be futile to complain to the executors (*Smith* v. *Johnson,* 200 App. Div. 811, 819). Moreover, there must be alleged and found facts sustaining a right to imbursement or reimbursement of services and expenses compensable out of the estate. This is not presently clear from the objections.

Accordingly, the order should be modified, on the law, so as to grant petitioning executors' motion to dismiss the second objection filed to their account by respondents Virginia A. Carter and Alice W. Allan, with leave to such respondents to replead, and, as so modified, affirmed in all other respects, with costs and disbursements, payable out of the estate, to the petitioners-appellants-respondents as executors of the will of Adrian Russell Allan, deceased, to respondent-appellant as executor of the will of Helen H. Allan, deceased, to respondent Alice W. Allan and to respondent, special guardian.

BREITEL, J. P., FRANK, MCNALLY, STEVENS and BERGAN, JJ., concur.

Order unanimously modified, on the law, so as to grant petitioning executors' motion to dismiss the second objection filed to their account by respondents Virginia A. Carter and Alice W. Allan, with leave to such respondents to replead, and, as so modified, affirmed in all other respects, with costs and disbursements, payable out of the estate, to the petitioners-appellants-respondents as executors of the will of Adrian Russell Allan, deceased, to respondent-appellant as executor of the will of Helen H. Allan, deceased, to respondent Alice W. Allan and to respondent, special guardian. Settle order.