OPINION OF THE COURT
Per Curiam.
Order dated February 20, 1998, insofar as appealed from, reversed with $10 costs, tenant’s cross motion to dismiss the holdover petition is denied, and landlord’s motion to strike the first, second and third affirmative defenses is granted.
Tenant is the lessee of two adjoining store spaces under separate leases which expired 10 days apart. The later lease authorized tenant to remove the party wall separating the two stores, and it is not seriously disputed on this record that the two premises were used and occupied by tenant as one integrated unit in furtherance of its commercial enterprise. Under such circumstances, landlord could properly elect to seek possession of the combined space upon a single petition (see, 300 W. 56th St. Corp. v Evan, 286 App Div 489, affd 1 NY2d 791; Broadway & 58th St. Corp. v Botwinick, 10 Misc 2d 1012). The fact that two notices of termination were served does not dictate a contrary result. Even if two proceedings had been commenced, they would had to have been consolidated or joined for purposes of trial in the interest of judicial uniformity.
We grant landlord’s motion to strike the affirmative defenses relating to alleged improper service of the notices of termination and petition. Tenant has failed to factually controvert the affidavits of service (Sando Realty Corp. v Aris, 209 AD2d 682). Nor has tenant identified any infirmity in the notices of termination.
McCooe, J. P., Davis and Gonzalez, JJ., concur.